Tlxe opiixion of tlxo Court was delivered by
Bermudez, C. J.
Tlxe plaintiffs sue to recover ten thousand dollars from the defendant, who is an apothecary and dealer in drugs and medicines. Their averments are, tluxt their daughter Eleanor was, in September, 1878, the minor wife of G. W. Norton, and then in a state of advanced pregnancy; that, owing to her condition, she needed and sent for a dose of epsom salts at defendant’s store, wlxeve drugs and medicines are sold; that, through negligence, carelessness, and want of skill, he sold and delivered, being paid therefor, instead of said salts, a dose of sulphate of zinc, a deadly poison ; that this medicine was administered, and caused first, the death and bringing forth of the child their daughter was pregnant with, and second, the death of the mother herself, after endurance of lasting, terrible, and excruciating pain.
The plaintiffs claim to recover, in the right of their daughter, the damages to which she would have been entitled bad she survived.
The defendant offered an exception of no cause of action, which was overruled, and ho next pleaded the general issue.
The case was tried by a jury, who rendered a verdict for the defendant. ' Proxxx the judgment thereon, the plaintiffs appeal.
The exception was properly overruled. The right of action which plaintiffs’ daughter would have been entitled to exercise, if she had not died, did not survive in favor of her husband, lmt in favor of her father and mother. Such a right accrxxed only in favor of tlxe minor issxxe, the widow, the father and the mother, as regulated by the Code. Those not included are excluded. Ai'ticle 2315 of the R. C. C., appears quite clear in this particular, and cannot be construed so as to confer the right upoxx persons xxot expressly mentioned in it. In the absence of the amendment made to the original Article 2294 of the Code qf 1825, no right of action would exist at all.
It took special legislation to bestow it upoix certain named beneficiaries, and that legislation cannot be liberally interpreted. 6 An. 495; 11 An. 5; 17 An. 245 ; V. Statutes 1855 ; R. S.,1856, p. 271; 42 Ga. 331.
On txie Merits.
It may well be that plaintiffs’ daughter did not miscarry and die from the effects of the administered sulphate of zinc ; that those fatal results were occasioned by a severe attack of erysipelas, as was testified to by the physicians heard in the case; but it is no less true that, by reason of the taking of the dose of sulphate of zinc, she endured lasting *915 and great pain and suffering, retelling and vomiting, for which she would have been entitled to damages had she recovered.
That the defendant was greatly negligent is apparent.
In the discharge of their functions, druggists and apothecaries, persons dealing in drugs and medicines, should be required not only to be skilful, but also exceedingly cautious and prudent, in view of the terrific consequences which may attend, as they have not unfrequently in the past, the least inattention on their part. Cooley on Torts, pp. 75, 76; 648-9.
All persons who deal with deadly poisons are held to a strict account-, ability for their use. The highest degree of care known among practical men must be used to prevent injury from the use of such poisons. A druggist is undoubtedly held to a special degree of responsibility, for the erroneous use of poisons, corresponding with his superior knowledge of the business. 6 N. Y. 397; 13 Ben Monr. 219; Shearman and Redfield on Negligence, § 592.
It is difficult to find an acknowledged correct standard by which damages, in cases like the present one, can be measured. Shearman and Redfield on Negligence, § 606; C. P. 686.
In the case of McCubbin vs. Hastings, 27 An. 713, which was a suit by a husband and father of a minor child, against a druggist for substituting spirits of camphor for camphor water, used for the purpose of an enema, the Court thought itself justified to allow $2,500.
In the present case, the sufferings of the plaintiffs’ daughter, unmistakably occasioned by the taking of the sulphate of zinc, although not apparently as intense as those in the McCubbin case, were certainly considerable. 30 Ga. 241; 8 Gray, 45 ; 11 Poster, 119.
Prom the evidence before us, we think the verdict of the jury manifestly erroneous in not allowing the plaintiffs reasonable damages, which, we think, should be assessed at one thousand dollars.
It is, therefore, ordered and decreed, that the verdict of the jury and the judgment of the court upon it, be set aside and reversed and proceeding to render such judgment as should have been rendered, it is ordered, adjudged and decreed, that plaintiffs recover from the defendant the sum of one thousand dollars, with legal interest from judicial demand till paid, and costs in both Courts.
Rehearing refused.