JOHN H. DAVID, prochien ami, plaintiff in error, v. THE SOUTH-WESTERN RAILROAD COMPANY, defendant in error.

(Atlanta, June Term, 1870.)

SURVIVAL OF ACTION—SUIT FOR HOMICIDE OF HUS-BAND—DEATH OF WIDOW PENDING SUIT—MEASURE OF DAMAGES.*—If a widow die pending a suit by her for the homicide of her husband, the right of action for such homicide survives to the children, and in such last suit the measure of damages is the injury to the children, to be measured, as in the case of the widow, by a reasonable support for them, according to the condition in life, etc., of the father, and according to the expectation of his life as found by the mortuary tables.

Railroad Companies. Minors. Measure of Damages. Before Judge Harrell. Randolph Superior Court, May Term, 1870.

Charles Rogers was killed in 1866, by an engine on the Southwestern Railroad. His widow brought case therefor,

---

*SURVIVAL OF ACTION—SUIT FOR HOMICIDE OF HUS-BAND—DEATH OF WIDOW PENDING SUIT—MEASURE OF DAMAGES.—"In David v. Southwestern R. Co., 41 Ga. 223, it was held that, if a widow die pending a suit for the homicide of her husband, the right of action for such homicide survives to the children, and in such last suit, the measure of damages is the injury to the children, to be measured as in case of the widow, by a reasonable support for them, according to the condition, etc., of their father, and according to the expectation of his life as found by the mortuary tables. Inasmuch as a father is bound ordinarily for the support of his children only during minority, the necessary inference from this decision would have been that only minor children were entitled to the action, in case there was no widow, or the widow had died during the pendency of the suit brought by her; but McCay, J., delivering the

against the railroad company, returnable to November Term, 1868, of said Court. Pending that action, the widow died leaving divers minor children of herself and said Charles, surviving. John David, a prochïen ami of said minors, was made a party plaintiff to said action, and prosecuted it for the benefit of said minors. At November Term, 1867, said cause *was tried, and the plaintiff was non-suited. The cause was brought to this Court, and at its June Term, 1868, was dismissed for want of prosecution. In July, 1868, within two years from the death of their father, said David as such prochein ami, again brought case against said company for said killing. The company pleaded the foregoing facts in bar to this last action, and the plea was demurred to generally The Court overruled the demurrer, and held that under said admitted facts this last action could not be maintained. This is assigned as error.

E. L. Douglass, H. Fielder. for plaintiff in error, said the action lay under Code, sec. 2920; 38th Ga. R., 433.

A. Hood, Lyon DeGraffenried and Irvin, for defendant.

By the Court—McCAY, J., delivering the opinion.

As we said in Johnson v. Macon and Western Railroad, 38th Georgia, 433, the language of the section 2920 of the Code, under which suit is brought, is not so clear as the importance of the subject demands. It is clear to us, however, that the object of the Act is to give a remedy to the widow, and, if there be no widow, or if she die before the question is settled, then to the chïldren.

It is sticking in the bark to say that nothing survives to the children but the "action." The "action" is but an incident, a means of getting a right. It is the right of action

---

opinion of the court, was not content to leave this important matter to inference, however clear and strong that inference was. He says: "'The measure of damages in such a case is the present worth of a reasonable support for them during minority, according to the expectation of their father's life,'" etc. Mott v. Central R. Co., 70 Ga. 682.

"In the Code of 1868, § 2920, the law on this subject was stated as follows: 'A widow, or, if no widow, a child or children, may recover for the homicide of the husband or parent; and if suit be brought by the widow or children, and the former or one of the latter dies pending the action, the same shall survive in the first case to the children, and in the latter case to the surviving child or children.' This section was held to give to children the right to recover only the present worth of a reasonable support for them during minority, in view of the father's condition in life, etc., and according to his expectation of life. David v. Southwestern R. Co., 41 Ga. 223." Coleman v. Hyer, 113 Ga. 421, 38 S. E. Rep. 962.

MEASURE OF DAMAGES—ADMISSIBILITY OF MORTALITY TABLES IN EVIDENCE.—For the proposition that mortality tables are admissible in evidence, see the following cases cited in Appendix, 70 Ga. 842; (Atlanta, etc., R. Co. v. Johnson,) 66 Ga. 259; (David v. Southwestern R. Co.,) 41 Ga. 223; (Georgia, etc., R. Co. v. Oaks,) 52 Ga. 410; (Clark v. Cassidy,) 62 Ga. 407; (Macon & Western R. Co. v. Johnson,) 38 Ga. 409.

that goes over to the children on the death of the mother.

The only question, as it seems to us, is the measure of damages in the action by the children. We do not think it is the mother's right which the statute gives to the children. If the mother die before final judgment, we think the intent of the Act was to give the children a right to sue, as though there had been no widow at first. They sue in such a case for the damage to them.

We decided in 38th Georgia, 433, that if the widow sued, the measure of damages was the present worth of a reasonable *support for herself, according to the expectation of the husband's life, in view of his condition in life, etc. The same rule ought to be applied when the children sue. The measure of damages in such a case, is the present worth of a reasonable support for them during minority, according to the expectation of the father's life, in view of his condition of life, prospects, industry, etc., etc.

We think upon the whole, this best conforms to the words and the intent of the Act, although, as we have said, the meaning is not as clear as it ought to have been.

Judgment reversed.