## MOTT *vs.* CENTRAL RAILROAD.

The adult son of one who has been killed by a railroad, and who has left neither widow nor minor child, cannot maintain a suit against the corporation to recover damages for the homicide.

April 24, 1883.

Actions.    Parent and Child.    Torts.    Before Judge CLARK.    City Court of Atlanta.    December Term, 1882.

Mott sued the Central Railroad for the homicide of his father, R. L. Mott.  The declaration, besides alleging the manner of the death of deceased from being run over by the train of defendant, and charging negligence therein, alleged that "plaintiff is the only child of Randolph L. Mott; there is no widow."  Plaintiff admitted that he was more than twenty-one years of age at the time of bringing the suit.

Defendant demurred to the declaration on the ground,

among others, that plaintiff was not entitled to sue as a "child" of the deceased. The demurrer was sustained, and plaintiff excepted.

SMITH & RUSSELL; HOPKINS & GLENN, for plaintiff in error.

A. R. LAWTON; HENRY JACKSON, for defendant.

HALL, Justice.

This record presents for determination but a single question, which arises under Code of 1882, §2971, and is whether the adult child of a party who has been killed by a railroad train, and who has left neither widow or minor child, can maintain a suit against the corporation, to recover damages for the homicide? The section in question, as it stood in the Code of 1873, was as follows: "A widow, or if no widow, a child or children may recover for the homicide of the husband or parent, and if suit be brought by the widow or children, and the former, or one of the latter, dies pending the action, the same shall survive in the first case to the children, and in the latter case to the surviving child or children." The Code of 1882 makes this addition: "The plaintiff, whether widow, or child or children, may recover the full value of the life of the deceased, as shown by the evidence. In the event of a recovery by the widow, she shall hold the amount recovered, subject to the law of descent, just as if it had been personal property descending to the widow and children from the deceased, and no recovery had, under the provisions of this section and the law of which it is amendatory, shall be subject to any debt or liability of any character of the deceased husband or parent."

In this addition is embodied the provisions of an act, approved December 16th, 1878, and which is entitled "an act to amend §2971 of the Code of 1873, so as to provide that, in case of suits under said section, either the widow or

children, as the case may be, shall recover the full value
of the life of the deceased, and prescribing the manner in
which the widow shall hold the amount recovered, and
for other purposes." This act makes three additions to
the section, as it was codified prior thereto from the acts
of 1850, Cobb's Dig., p. 476 ; acts 1855, pam., p. 155. First:
It provides a measure of damages in case of a recovery.
Second : Where the recovery is had by the widow, it pro-
vides for the descent of the property. Lastly, it exempts
the amount recovered from the debts and liabilities of the
husband or parent.

The section, as it stood prior to the passage of this act,
had been several times interpreted by this court. In
*David vs. The Southwestern Railroad Company*, 41 *Ga.*,
223, it was held that, if a widow die pending a suit for
the homicide of her husband, the right of action for such
homicide survives to the children, and in such last suit, the
measure of damages is the injury to the children, to be
measured as in case of the widow, by a reasonable sup-
port for them, according to the condition, etc., of their
father, and according to the expectation of his life as found
by the mortuary tables." Inasmuch as a father is bound ordi-
narily for the support of his children only during their minor-
ity, the necessary inference from this decision would have
been that only minor children were entitled to the action, in
case there was no widow, or the widow had died during
the pendency of the suit brought by her; but McCay, J.,
delivering the opinion of the court, was not content to leave
this important matter to inference, however clear and
strong that inference was. He says: " The measure of
damages in such a case is the present worth of a reasonable
support for them during minority, according to the expecta-
tion of their father's life," etc. *M. & W. R. R. Co. vs.
Johnson*, 38 *Ga.*, 433. The act of 1878 effected no other
change in this decision than the measure of damages
which it laid down. If it had been the intention of the
legislature to have extended this right to adults as well as

to minors, how easy would it have been to have so said. This statute, in its original form, has always been so construed by this court as not to extend this right, by implication, to others than those expressly named. Thus, in the case of *The Georgia R. R. Co. vs. Wynn*, 42 *Ga.*, 331, this remedy was denied to the husband for the homicide of his wife, because he did not have it by the common law, and it was not given to him by the enactments under consideration. For other instances of strictness in the application of the law, see *Atlanta and West Point R. R. vs. Venable*, 65 *Ga.*, 56; and *Daly vs. Stodard*, 66 *Ga.*, 145. In this last case, Jackson, C. J., p. 148, concludes his opinion with these words: "The statute should be construed strictly; at least, it should not be extended to embrace this class of cases, and will not be so extended without additional legislative enactments."

A very broad construction would be required to deduce from these changes as to the measure of damages and the descent of the property, in case of the widow's death, the right of an adult child to recover, where there was neither widow nor minor child. Such a construction, it seems to us, would be a wide departure from the manifest purpose of the legislature, as it is to be gathered from the scope and design of this act, taken in connection with the decisions that led to its passage. In all interpretations, the courts are enjoined to look diligently for the intention of the general assembly, keeping in view, at all times, the old law, the evil and the remedy. Code, §4, par. 9. In ascertaining this intention, we are first to apply to the words their ordinary signification (*Ib.*, par. 1; 4 *Ga.*, 485, 486), and to interpret them according to their common sense. 46 *Ga.*, 281. *Noscitur a sociis* is a familiar rule of construction, and ascertains the precise meaning of words from others with which they are associated and from which they cannot be separated without impairing or destroying the evident sense they were designed to convey in the connection used. Applying these rules to that portion of the law

which prescribes how the property shall descend and be distributed among the children, we cannot entertain a serious doubt that the legislature meant to use the word "children" in a limited and specific, and not in a generic or general sense. The precise words are "the widow and children." What widow? What children? The widow who had the right to bring the suit and recover; the children who, under certain contingencies, might likewise bring this suit, or to whom it would survive in certain other contingencies, and who could recover. None others are designated by this law. And who are they thus designated? It is evident, from the decisions upon previous legislation, that they were such only as were entitled to a support from the deceased; such as were dependent members of the family at the time of the homicide of the parent. The right had, by previous decisions, been confined to them, and the general assembly did not see proper to change these decisions by extending the rule laid down by them to another class of children than those embraced in its terms. It is evident that this act was passed with a clear and intelligent understanding of the results of previous legislation and the interpretations given by the courts to that legislation, and that no other change of the rules resulting from these interpretations than those specified were designed or intended.

This view dispenses with the necessity of determining the question made upon the exceptions taken *pendente lite* by the defendant, as it effectually disposes of the case.

Judgment affirmed.