COLEMAN *et al. v.* HYER *et al.*

Construing sections 3828 and 3829 of the Civil Code together and in the light of the decision of this court in *Mott* v. *Railroad*, 70 *Ga.* 680, and of legislation since that decision, the children mentioned therein are the minor children of the deceased father. Consequently, when a widow recovers a judgment against a railroad company for the negligent homicide of her husband, his children who were adults at the time of his death are not entitled to share in the proceeds of the judgment.

Submitted March 2, — Decided May 25, 1901.

Petition for injunction. Before Judge Lumpkin. Fulton superior court. January 28, 1901.

*Arnold & Arnold*, for plaintiffs.

*Burton Smith* and *Payne & Tye*, for defendants.

SIMMONS, C. J. It appears from the record that W. L. Hyer, an engineer in the employ of the Western and Atlantic Railroad Company, was killed in a collision. His widow instituted against the company a suit for damages, under sections 3828 and 3829 of the Civil Code, and recovered a verdict therein. In the meantime Mrs. Coleman and R. S. Hyer filed a petition in equity against Mrs. Hyer and the railroad company, asking that the latter be enjoined from paying over the amount recovered to the widow, who was alleged to be insolvent. Upon the hearing it was agreed that Mrs. Coleman was a married woman, and that both she and R. S. Hyer were the children of the deceased by a former wife, but were of full age and living apart from the deceased at the time of his death. Mrs. Hyer denied that the petitioners were entitled to any interest in the recovery for her husband's homicide, and refused to pay them any part thereof. The judge was asked by both parties to grant the injunction if the petitioners had any interest in the recovery; to refuse it if they had not. He refused the injunction, and the petitioners excepted.

The controlling question in this case is whether in section 3829 of the Civil Code the word "children" is intended to include minor children only, or to embrace all children without regard to age. In determining this question sections 3828 and 3829 must be considered and construed together. In so far as pertinent to a case of this kind, they are as follows: § 3828. "A widow, or, if no widow, a child or children, may recover for the homicide of the husband

or parent; and if suit be brought by the widow or children, and the former or one of the latter dies pending the action, the same shall survive in the first case to the children, and in the latter to the surviving child or children." § 3829. "The word 'homicide,' used in the preceding section, shall be held to include all cases where the death of a human being results from a crime or from criminal or other negligence. The plaintiff, whether widow, or child, or children, may recover the full value of the life of the deceased, as shown by the evidence. In the event of a recovery by the widow she shall hold the amount recovered subject to the law of descents, as if it had been personal property descending to the widow and children from the deceased; and no recovery had under the provisions of this section shall be subject to any debt or liability of any character of the deceased husband, or parent. The full value of the life of the deceased, as shown by the evidence, is the full value of the life of the deceased without deduction for necessary or other personal expenses of the deceased had he lived." We must also consider the history of these sections and the previous decisions of this court in which they have been construed. In the first place it must be conceded that the words "child" and "children" may be used to include all children, whether adult or minor. But we think that they were not so used in the sections under consideration. In the Code of 1868, § 2920, the law on this subject was stated as follows: "A widow, or, if no widow, a child or children, may recover for the homicide of the husband or parent; and if suit be brought by the widow or children, and the former or one of the latter dies pending the action, the same shall survive in the first case to the children, and in the latter case to the surviving child or children." This section was held to give to children the right to recover only the present worth of a reasonable support for them during minority, in view of the father's condition in life, etc., and according to his expectation of life. *David* v. *Railroad Co.*, 41 *Ga.* 223. The code section remained unchanged in the Code of 1873, § 2971, but was amended by the act of 1878 so as to provide that "in case of suits under said section either the widow or children, as the case may be, shall recover the full value of the life of the deceased." This act also provided that "in the event of a recovery by the widow, she shall hold the amount recovered subject to the law of descents just as if it had been per-

sonal property," etc., and that such amount shall be exempt from the debts and liabilities of the deceased, as in section 3829 of the present Civil Code. No change was made with respect to the persons who could sue and who should share in the proceeds of the action. This act was incorporated in the Code of 1882, § 2971.

In 1883 this court held, in the case of *Mott* v. *Central Railroad,* 70 *Ga.* 680, that "the adult son of one who has been killed by a railroad, and who has left neither widow nor minor child, can not maintain a suit against the corporation to recover damages for the homicide." In the opinion Hall, J., said: "Applying these rules to that portion of the law which prescribes how the property shall descend and be distributed among the children, we can not entertain a serious doubt that the legislature meant to use the word "children" in a limited and specific, and not in a generic or general, sense. What widow? What children? The widow who had the right to bring the suit and recover; the children who, under certain contingencies, might likewise bring this suit, or to whom it would survive in certain other contingencies, and who could recover. None others are designated by this law. And who are they thus designated? It is evident, from the decisions upon previous legislation, that they were such only as were entitled to a support from the deceased; such as were dependent members of the family at the time of the homicide of the parent. The right had, by previous decisions, been confined to them, and the General Assembly did not see proper to change these decisions by extending the rule laid down by them to another class of children than those embraced in its terms. It is evident that this act was passed with a clear and intelligent understanding of the results of previous legislation, and that no other change of the rules resulting from these interpretations than those specified were designed or intended." In 1887 the legislature further amended the law upon this subject by providing that, in arriving at the full value of the life of the deceased, no deduction should be made for necessary or other personal expenses which the deceased would have incurred had he lived. Although this act was passed more than four years after the rendition of the decision in the *Mott* case, the legislature did not seek to change or modify the effect of that decision. Had it been the will of the legislature that adults should be included within the word "children," nothing would have been easier than to so provide. The subject was in

hand, the law was undergoing revision, and the *Mott* case had been decided more than four years before. The amending act did not seek to enlarge the meaning of the word "children," or to overrule or disapprove the meaning given it by this court; and this, we think, is a strong reason for believing that the legislature agreed with this court in its interpretation of the law, and desired not to change the law except with reference to the amount of the recovery. We were requested to review and overrule the *Mott* case, but this we must decline to do. Even if we were doubtful of the correctness of some of its reasoning, we think that it should not now be overruled after the legislature has tacitly approved it.

It was argued here, in the admirable brief filed in behalf of the plaintiffs in error, that the *Mott* case decided merely that an adult child could not institute the action, and that anything said in that case as to the question of distribution of the amount recovered was obiter. It was also argued that, when the statute provided for the distribution of the amount recovered according to "the law of descents," it excluded all idea of minority and dependence, and embraced as distributees all who would ordinarily inherit from the deceased. After a careful consideration of this question we must decide to the contrary. The two sections of the code, above quoted, must be considered in pari materia, and, when the conclusion is reached that an adult child can not institute an action under section 3828, it must follow that such adult child has no interest in the proceeds of such a suit instituted by another. Of course the legislature might have provided that some who could not institute the action should nevertheless share in the distribution of the proceeds of the action, but this was not done. While the law as to recovery for homicides is divided into two sections in the Code of 1895, it was not so divided at the time of the passage of the act of 1887 or before that time, and the same words, "widow," "child," and "children," are used with reference to the institution of the action and to the distribution of the proceeds. If these words include only minor children in giving the right to institute the action, can the same words in the same law be said to include other and different children when used to indicate those who shall share in the proceeds of the action? That an adult is not a "child" who can institute the action is settled by the *Mott* case; and that an adult can not as a "child" share in the proceeds of the action must

necessarily follow. We are therefore of opinion that the plaintiffs in error are not entitled to any part of the amount recovered by their father's widow, and that they have no interest in the proceeds of the action. It must follow that it was not error to refuse to grant the injunction which was sought.

*Judgment affirmed. All the Justices concurring.*