ROBERTS et al. v. CENTRAL OF GEORGIA RY CO.

(Circuit Court, N. D. Georgia, N. W. D. July 11, 1903.)

No. 24.

1. HOMICIDE OF WIFE—CIVIL ACTION—PARTIES.

Under Act Ga. Oct 27, 1887 (Acts 1887, p. 43, Civ. Code 1895, § 3828), providing that the husband may recover for the homicide of his wife, and, if she leave child or children surviving, said husband and children shall sue jointly, with the right to recover the full value of the life of deceased, children, though adults, are necessary parties.

Goodwin, Anderson & Hallman, for plaintiffs.
Joel Branham, for defendant.

NEWMAN, District Judge. This is a suit for the homicide of Mrs. Lucinda W. Roberts, which it is alleged was caused by the negligence of the defendant railway company. The suit was brought originally by David P. Roberts, husband, and by seven children of the deceased; all of the seven children being adults, the youngest, Thomas F. Roberts, being 28 years of age at the time the suit was brought. The declaration shows that all of the plaintiffs are citizens of Alabama, except one of the sons, Columbus P. Roberts, who is a citizen of Georgia. By an amendment all the children are stricken as plaintiffs, allowing the suit to proceed in the name of David P. Roberts, the husband, alone.

The first question presented in the case is whether, under the act of the Legislature of Georgia of October 27, 1887 (Acts 1887, p. 43; Civ. Code 1895, § 3828), the children, all being of full age, are necessary parties to the suit. The language of the act is:

"The husband may recover for the homicide of his wife, and if she leave child or children surviving, said husband and children shall sue jointly, and not separately, with the right to recover the full value of the life of the deceased, as shown by the evidence, and with the right of survivorship as to said suit if either die pending the action."

There is nothing in this language to show that only minor children need be joined in such a suit. The language is "child or children," without any qualification. It is claimed for the plaintiff, however, that the decision of the Supreme Court of the state in Mott v. Central Railway, 70 Ga. 680, 48 Am. Rep. 595, indicates the proper construction which should be given this act of 1887. It was held in that case that under the law as it stood after the passage of the act on December 16, 1887, the right of the widow or children to recover for the homicide of the husband or parent was confined to minor children. The law as it then stood with reference to the right of the widow, or, if no widow, the child or children, to recover for the homicide of the husband, is now embodied in section 3828 of the Code of 1895, and immediately precedes the language under consideration here.

The decision in Mott v. Central Railway, 70 Ga. 680, 48 Am. Rep. 595, was based largely on the former decisions of the Supreme Court, especially M. & W. R. R. Co. v. Johnson, 38 Ga. 433, and David v. Southwestern R. Co., 41 Ga. 223. In the Mott Case Mr. Justice Hall, in the opinion, treats these former cases as having settled the question that only minor children could recover prior to the passage of Acts 1878, p. 99, and the real question in the Mott Case apparently was as to whether the act of 1878 had made any change in the law. This act of 1878 provided that the plaintiff, whether widow or child or children, "may recover the full value of the life of the deceased, as shown by the evidence." This was a very material change on the subject, because by the decisions of the Supreme Court prior to that time the widow could only recover the present value of what would be a reasonable support for her from her husband, considering his circumstances and condition in life; and the children could only recover "the present worth of a reasonable support for them during minority, according to the expectation of the father's life, in view of his condition in life, prospects, industry," etc., and the court held that

the act of 1878 had not affected the law on the present question. The opinion says:

"A very broad construction would be required to deduce from these changes as to the measure of damages and the descent of the property, in case of the widow's death, the right of an adult child to recover, where there was neither widow nor minor child. Such a construction, it seems to us, would be a wide departure from the manifest purpose of the Legislature, as it is to be gathered from the scope and design of this act, taken in connection with the decisions that led to its passage."

A careful examination of that case has satisfied me that it is not controlling here, and does not in any way affect the proper construction of the act of 1887, allowing a recovery for the homicide of the wife. This act gave an entirely new right. It put the right to recover in the husband, but provided that, if the wife leave child or children surviving, the husband and the children should sue jointly, and not separately, with the right to recover the full value of the life of the deceased. The right to recover is not any loss to the husband of service or loss to the child or children of support. It provides that from the evidence shall be ascertained the full value of the life of the wife and mother, and that it may be recovered by the husband, except that the children, if she leave children surviving, shall be joined in the action. "Child or children surviving" is very broad language. There is no limitation or qualification of any kind, and I do not believe that the decisions of the Supreme Court of the state construing the act with reference to the right to recover for the death of the husband and parent are applicable to this act. Counsel have not called my attention to any decision of the Supreme Court of the state construing this act providing for a recovery for the homicide of the wife, and I have been unable to find any such decision myself.

My conclusion, therefore, is that this act is not confined to minor children, and that the children of Mrs. Roberts, although adults, are necessary parties to this suit. That being true, and one of the children being a citizen of Georgia, this court is without jurisdiction.

It is unnecessary, in view of what has been said, to pass upon the merits of the case, and determine whether the declaration sets forth any cause of action.

The court, in my opinion, is without jurisdiction, and the case is dismissed for that reason.