## GRIFFITH v. GRIFFITH, guardian.

Where a widow has received the proceeds of a suit instituted by her for the recovery of damages for the homicide of her husband, a minor child of the decedent is entitled to a distributive share thereof, and may, through a legal representative, maintain an action against her for the recovery of the same.

Argued April 24,—Decided May 16, 1907.

Equitable petition. Before Judge Reagan. Butts superior court. February 20, 1906.

R. M. Griffith, as guardian of the person and property of Louisa V. Griffith, a minor, brought an action against Mrs. N. B. Griffith, the widow of D. Y. Griffith, father of the plaintiff's ward, to recover one fifth of $1,500, which it was alleged the defendant had received in settlement of an action brought by her against the Southern Railway Company for the homicide of the said D. Y. Griffith, it appearing from the petition that he left surviving him a widow and four minor children, one of the children being the plaintiff's ward. There was a general demurrer to the petition, which was overruled, and the defendant excepted.

O. M. Duke, for plaintiff in error.

J. W. Culpepper, Aldine Chambers, and W. M. Smith, contra.

FISH, C. J. (After stating the facts.)

As appears from the foregoing statement of facts, the record in this case presents but a single question for adjudication, and that is whether a minor child is entitled to recover from the widow of such child's father a distributive share of the proceeds of a recovery had by the widow for the wrongful homicide of her husband. "A widow, or, if no widow, a child or children, may recover for the homicide of the husband or parent; and if suit be brought by the widow or children, and the former or one of the latter dies pending the action, the same shall survive in the first case to the children, and in the latter to the surviving child or children." Civil Code, §3828. "The plaintiff, whether widow, or child, or children, may recover the full value of the life of the deceased, as shown by the evidence. In the event of a recovery by the widow she shall hold the amount recovered subject to the law of descents, as if it had been personal property descending to the widow and children from the deceased, and no recovery had under the provisions of this section [§3828] shall be subject to any debt or liability of any character

of the deceased husband, or parent." Ib. § 3829. The language quoted from Civil Code, § 3828, is the same as that contained in the Code of 1873, and that quoted from § 3829 is codified from the act of December 16, 1878 (Acts 1878, p. 59). In *Mott* v. *Central Railroad,* 70 *Ga.* 680, Mr. Justice Hall, in delivering the opinion, said: "This act [act of December 16, 1878] makes three additions to the section, as it was codified prior thereto from the acts of 1850, Cobb's Dig. p. 476; Acts 1855, pam. p. 155. First: It provides a measure of damages in case of a recovery. Second: Where the recovery is had by the widow, it provides for the descent of the property. Lastly, it exempts the amount recovered from the debts and liabilities of the husband or parent." In that case it was held that the adult child of one who had been negligently killed could not maintain an action to recover damages for the homicide. This ruling was based upon the decision in *David* v. *Southwestern Railroad Company,* 41 *Ga.* 223, where it was held: "If a widow die pending a suit by her for the homicide of her husband, the right of action for such homicide survives to the children, and in such last suit the measure of damages is the injury to the children, to be measured, as in the case of the widow, by a reasonable support for them, according to the condition in life, etc., of the father, and according to the expectation of his life as found by the mortuary tables." In the *Mott* case Mr. Justice Hall said: "Inasmuch as a father is bound ordinarily for the support of his children only during their minority, the necessary inference from this decision [in *David's* case] would have been that only minor children were entitled to the action, in case there was no widow, or the widow had died during the pendency of the suit brought by her; but McCay, J., delivering the opinion of the court, was not content to leave this important matter to inference, however clear and strong that inference was. He says: 'The measure of damages in such a case is the present worth of a reasonable support for them during minority, according to the expectation of their father's life,' etc. . . The act of 1878 effected no other change in this decision than the measure of damages which it laid down. If it had been the intention of the legislature to have extended this right to adults as well as to minors, how easy would it have been to have so said." Then, after citing cases to show that "this statute, in its original form, has always been so construed by this court as not to extend this right, by

implication, to others than those expressly named," and referring to certain well-known rules for the interpretation of statutes, the learned Justice said: "Applying these rules to that portion of the law which prescribes how the property shall descend and be distributed among the children, we can not entertain a serious doubt that the legislature meant to use the word 'children' in a limited and specific, and not in a generic or general sense. . . And who are they thus designated? It is evident, from the decisions upon previous legislation, that they were such only as were entitled to a support from the deceased; such as were dependent members of the family at the time of the homicide of the parent."

In *Coleman* v. *Hyer,* 113 *Ga.* 420, it was held: "Construing sections 3828 and 3829 of the Civil Code together and in the light of the decision of this court in *Mott* v. *Railroad,* 70 *Ga.* 680, and the legislation since that decision, the children mentioned therein are the minor children of the deceased father. Consequently, when a widow recovers a judgment against a railroad company for the negligent homicide of her husband, his children who were adults at the time of his death are not entitled to share in the proceeds of the judgment." The only legislation on the subject since the decision in the *Mott* case is the act of 1887 (Acts 1887, p. 45), providing that in estimating the full value of the life of the deceased no deduction shall be made for his necessary or other personal expenses, had he lived. In the opinion in *Coleman's* case, Chief Justice Simmons said: "It was argued here, in the admirable brief filed in behalf of the plaintiffs in error, that the *Mott* case decided merely that an adult child could not institute the action, and that anything said in that case as to the question of distribution of the amount recovered was obiter. It was also argued that when the statute provided for the distribution of the amount recovered according to 'the law of descents,' it excluded all idea of minority and dependence and embraced as distributees all who would ordinarily inherit from the deceased. After a careful consideration of this question we must decide to the, contrary. The two sections of the code above quoted [§§ 3828, 3829] must be considered in pari materia, and, when the conclusion is reached that an adult child can not institute an action under section 3828, it must follow that such adult child has no interest in the proceeds of such a suit instituted by another. Of course the legislature might have provided that some who could not

institute the action should nevertheless share in the distribution of the proceeds of the action, but this was not done. While the law as to recovery for homicide is divided into two sections in the code of 1895, it was not so divided at the time of the passage of the act of 1887, or before that time, and the same words, 'widow,' 'child,' and 'children,' are used with reference to the institution of the action and to the distribution of the proceeds. If these words include only minor children in giving the right to institute the action, can the same words in the same law be said to include other and different children when used to indicate those who shall share in the proceeds of the action? That an adult is not a 'child' who can institute the action is settled by the *Mott* case; and that an adult can not as a child share in the proceeds of the action must necessarily follow."

While the question whether a minor child has a right to a distributive share of the proceeds of a recovery by a widow for the negligent homicide of her husband, who was the father of the child, was not involved in either of the cases to which we have referred, it will be readily seen, from the language which we have quoted therefrom, that a very strong inference arises that the court was of the opinion, both in the *Mott* case and in the *Coleman* case, that a minor child has the right to a distributive share of such proceeds. It will also be seen that if, in the *Coleman* case, the court had been of opinion that no child of the deceased, adult or minor, was entitled to share in the proceeds of a suit by the widow for his negligent homicide, there would have been no necessity for drawing the distinction between the status of a minor and that of an adult child with reference to such proceeds, but the decision could, and doubtless would, have been placed upon the broad ground that no child, minor or adult, was entitled to a distributive share therein. As we have seen, the language of section 3829 is: "In the event of a recovery by the widow she shall hold the amount recovered subject to the law of descents, as if it had been personal property descending to the widow and children from the deceased, and no recovery had under the provisions of this section shall be subject to any debt or liability of any character of the deceased husband or parent." To our mind it is quite clear that the meaning of this language is that a widow holds such recovery subject to be distributed among the minor children of the deceased and herself according to the law of descents, just as

other personal property descending to the widow and such children from the deceased. We therefore hold that the plaintiff's ward was, under the allegations of the petition, entitled to recover, and that there was no error in overruling the demurrer.

*Judgment affirmed. All the Justices concur.*