*Milner & Farkas,* contra.

---

### 13912.   COOPER *v.* COOPER.

STEPHENS, J.   1. The right of action to recover for a homicide, whether it arises under employer's liability act of this State (Civil Code of 1910, § 2782) or the Federal employers' liability act, or under the general death statute of this State (Civil Code of 1910, § 4424), is not for the benefit of the decedent's estate, or for all of the heirs at law, but is for the benefit solely of certain designated beneficiaries named in these acts.  The fact that the personal representative entitled to recover under both the State and the Federal employer's liability acts for the benefit of the beneficiaries named in these acts may be the administratrix of the deceased employee for whose homicide the administratrix may recover does not imply that the right to recover is in the administratrix as such and as representative of the estate of the deceased employee and for the benefit of the legal heirs and creditors of such estate, but the " personal representative " of the deceased employee is merely the individual designated by these statutes as the person having the right to maintain the suit and recover.  *Griffith* v. *Griffith,* 128 *Ga.* 371 (57 S. E. 698); *Lamb* v. *Tucker,* 146 *Ga.* 216 (91 S. E. 66).

2. Where a railroad company in settlement of a death claim arising out of the homicide of a deceased employee  paid a sum of money to the temporary administratrix of the deceased employee, who claimed to be the widow of the deceased, the payee, whether entitled to recover under the employer's liability acts, either State or Federal, as the personal representative of the deceased employee, or as the widow of the deceased under the Civil Code (1910), § 4424, did not hold such sum of money for the benefit of the decedent's estate;  and a permanent administrator of the estate, afterwards appointed, had no right, in the court of ordinary, as such administrator, to call the temporary administratrix to an accounting to him, as administrator of the estate, for such sum of money.  The right of the permanent administrator to call a temporary administratrix to an accounting in the court of ordinary is only in his capacity as administrator of the estate and for the benefit of the estate, and not as such in his capacity as " personal representative," under the employer's liability acts, for the benefit of the beneficiaries designated in those acts.

3. This being a suit in the court of ordinary by the permanent administrator against the temporary administratrix, for an accounting, and it appearing that the only funds or property in the hands of the tem-

porary administratrix were such as came into her hands individually as the "personal representative" of the deceased for the benefit of certain designated beneficiaries, the verdict found in favor of the defendant, the temporary administratrix, in the superior court, on appeal from the court of ordinary, was as a matter of law demanded, and the judge of the superior court erred, on a motion for a new trial, in setting this verdict aside and in awarding a new trial to the plaintiff.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 13, 1923.