15950.  WILLIAMS *et al. v.* SEABOARD AIR-LINE RAIL-WAY COMPANY.

The word "children" in the statute as to joint actions by husband and children for the homicide of a married woman (Civil Code of 1910, § 4424) does not include adults or a married minor daughter living with and supported by her husband.

To such an action the two-years limitation as to actions for personal injuries applies, and the exception in section 4379 of the Civil Code (1910), as to a joint right of action where some of the persons having the right are under disability, does not apply.

The court did not err in dismissing the petition, on general demurrer.

DECIDED DECEMBER 9, 1924.

Action for damages; from city court of Eastman—Judge O. J. Franklin. September 4, 1924.

*Roberts & Smith, H. W. Nalley,* for plaintiffs.

*W. S. Mann,* for defendant.

BROYLES, C. J.  Section 4424 of the Code of 1910 provides that "The husband may recover for the homicide of his wife, and if she leaves child or children surviving, said husband and children shall sue jointly, and not separately, with the right to recover the full value of the life of the deceased, as shown by the evidence, and with the right of survivorship as to said suit if either die pending the action." This statute is in derogation of the common law and must be strictly construed. *Georgia Railroad & Banking Co.* v. *Wynn,* 42 *Ga.* 332; *Atlanta & West Point R. Co.* v. *Venable,* 65 *Ga.* 55.  *Denham* v. *Texas Co.,* 19 *Ga. App.* 662 (91 S. E. 1070).

(*a*)  The words "child or children," in the statute, mean minor

children only. *Mott* v. *Central Railroad,* 70 *Ga.* 680, and citations; *Coleman* v. *Hyer,* 113 *Ga.* 420 (38 S. E. 962) ; *Griffith* v. *Griffith,* 128 *Ga.* 371 (57 S. E. 698). The contrary ruling by Judge Newman in Roberts *v.* Central of Georgia Ry. Co., 124 Fed. 471, is in direct conflict with the construction of the statute as repeatedly given by the Supreme Court of Georgia, and will not be followed by this court. The amendment to this statute in 1887 (Ga. L. 1887, p. 43) shows no reason why the Supreme Court's construction of these words should be altered.

(*b*) A married child, although a minor, living with and supported by a husband, can not be joined by her father in a suit brought by him for the homicide of his wife. See, in this connection, *Georgia Railway & Power Co.* v. *Beale,* 25 *Ga. App.* 364 (103 S. E. 434) ; s. c. 150 *Ga.* 774 (105 S. E. 447).

2. Actions for injuries to the person shall be brought within two years after the right of action accrues. Civil Code.(1910), § 4497. (*a*) The provision of section 4379 of the code, that where there is a joint right of action, and some of the persons having such right are under disabilities, the statute of limitations shall not begin to run until the disabilities are removed, does not apply to a suit brought under section 4424 of the code by a husband and minor children for the negligent homicide of the wife and mother. The right of action in such a case is solely in the husband (although he must join with him in the action the minor children of the deceased), and is not "a joint right of action" within the meaning of the statute. Statutes making exceptions to general rules must be strictly construed, and section 4379 of the code provides for exceptions to the general rule of limitations to suits as enumerated in section 4497 of the code. Moreover, where minors are seeking to toll the statute of limitations, their interest must be such as will enable them to maintain an action in their own name. *Pendergrast* v. *Foley,* 8 *Ga.* 1 (3) ; *Worthy* v. *Johnson,* 10 *Ga.* 358 (54 Am. Dec. 393) ; *Wingfield* v. *Virgin,* 51 *Ga.* 139 (1).

3. In the instant case a husband brought suit against a railroad company for the negligent homicide of his wife and joined with him in the action all the children of the deceased. The petition disclosed that at the time of the homicide two of the children were minors, but that when the suit was brought only one was a minor, and she was married; and the petition, construed most

strongly against the plaintiff, showed that this married child was living with and supported by her husband.   The petition disclosed also that the suit was brought more than two years after the date of the homicide sued for.   Under these facts and the above stated rulings, the court did not err in dismissing the petition, on general demurrer.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*