THOMPSON *et al.* v. GEORGIA RAILWAY & POWER CO.

1. An adult child can not recover for the homicide of his widowed mother, which took place prior to the act of August 18, 1924, under section 4424 of the Code of 1910.

Death, 17 C. J. p. 1216, n. 50.
Parent and Child, 29 Cyc. p. 1606, n. 88; p. 1607, n. 90; p. 1608, n. 2, 3; p. 1612, n. 31, 35; p. 1627, n. 77; p. 1628, n. 83.

2. A minor married son, who at the time of the homicide of his widowed mother was living with her, can not recover for her homicide which occurred prior to the act of August 18, 1924, where it does not appear whether he was in fact dependent upon his mother for support.

No. 5439. JANUARY 14, 1927. REHEARING DENIED FEBRUARY 19, 1927.

The Court of Appeals (in Case No. 16880) certified the following questions, a determination of which is necessary for a decision of this case:

1. The act of the General Assembly of the State of Georgia, approved October 27, 1887 (Ga. L. 1887, p. 43), which is in part codified in section 4424 of the Civil Code (1910), in part reads as follows: "The husband may recover for the homicide of his wife, and if she leaves child or children surviving, said husband and children shall sue jointly, and not separately, with the right to recover the full value of the life of the deceased, as shown by the evidence, and with the right of survivorship as to said suit if either die pending the action." Can an adult child, by virtue of the terms of this act, or otherwise, recover for the homicide of its widowed mother? See, in this connection, the opinion of Judge Newman of the United States district court for the northern district of Georgia in Roberts v. Central of Georgia Ry. Co., 124 Fed. 441, 473.

2. If the right of recovery by a child for the homicide of a widowed mother is restricted to a minor child of the deceased, is there a right of recovery for such homicide by a minor son who at the time of the homicide was married and was living with his mother, where it does not appear whether he was in fact dependent upon his mother for support? See, in this connection, *Beale* v. *Georgia Ry. & Power Co.,* 150 *Ga.* 774 (105 S. E. 447); *Georgia Ry. & Power Co.* v. *Beale,* 25 *Ga. App.* 364 (103 S. E. 434); *Williams* v. *Seaboard Air-Line Ry. Co.,* 33 *Ga. App.* 164 (125 S. E. 769).

*Reuben R. & Lowry Arnold* and *R. B. Blackburn,* for plaintiffs.
*Colquitt & Conyers,* for defendant.

HINES, J. 1. Can an adult child, under the act of October 27, 1887 (Acts 1887, p. 43), or otherwise, recover for the homicide of its widowed mother? The applicable portion of this act, as codified, reads as follows: "The husband may recover for the homicide of his wife, and if she leaves child or children surviving, said husband and children shall sue jointly, and not separately,

with the right to recover the full value of the life of the deceased, as shown by the evidence, and with the right of survivorship as to said suit if either die pending the action." Civil Code (1910), § 4424. The answer to the above question, which in substance is the first question propounded by the Court of Appeals, depends upon the proper construction of the language, "child or children," as used in the statute. In construing this language, must we give to the term "child" its generic meaning, that is, a male or female descendant within the first degree, or must we give it a limited and specific meaning, confining it to a minor child or children? The Code of 1863, § 2913, provided that "A widow, or, if no widow, a child or children, may recover for the homicide of the husband or parent." This section was codified from the acts of 1850 and 1856. Cobb's Digest, 476; Acts 1855-56, p. 155. That provision was carried forward into the Codes of 1873 and 1882, as § 2971. It soon came before this court for construction in two respects; first, as to the amount of damages which the widow or children could recover for the homicide of the husband or parent; second, as to what children could recover for the homicide of the parent if there were no widow. In the case of *Macon & Western Railroad Co.* v. *Johnson, 38 Ga.* 409, 433, it was held that this provision "was intended only to give to the wife damages for *her* loss, or, if no wife, then to the children for *their* loss;" and that the loss of the wife was that which she was, by law, entitled to from her husband, that is, a reasonable support according to his condition in life. In *David* v. *Southwestern Railroad Co.,* 41 *Ga.* 223, it was held that the same rule ought to be applied when the children sue, and that "The measure of damages in such a case is the present worth of a reasonable support for them during minority, according to the expectation of the father's life, in view of his condition of life, prospects, industry, etc." By the act of December 16, 1878, which amended section 2971 of the Code of 1873, it was provided that in case of suits for the homicide of the husband or parent, either the widow or children, as the case might be, were entitled to recover the full value of the life of the deceased. Acts 1878-79, p. 59. In other words, by this act the legislature fixed the measure of damages which the widow or children could recover as compensation for their losses arising from the homicide of the husband or parent, and this measure was the

full value of the life of the deceased. This act did not in any way change the theory upon which compensation was given to the widow or children for the homicide of the deceased husband or parent, as announced in the decisions above referred to. There then arose a question as to the meaning of the language, "child or children," appearing in section 2971 of the Code of 1882. In *Mott* v. *Central Railroad, 70 Ga.* 680 (48 Am. R. 595), this court held that the right of action conferred by this section was confined to a minor child or minor children, and that an adult son could not sue for the homicide of his father. The decision in that case was based upon the proposition, that, as a father was bound for the support of his minor children, the legislature intended to compensate them for the loss of their father, and did not contemplate the award of damages to adult children whom the father was under no obligation to support. This theory was not deducible from any express language in the statute which this court was construing, but was based upon the supposed purpose of the legislature in enacting that statute. In that case this court defined the meaning of the terms "child or children," and held that child meant minor child, and that children meant minor children. This decision was rendered on April 24, 1883. .

By the act of October 27, 1887, section 2971 of the Code of 1882, as amended by the act of December 16, 1878, was amended by adding the following provision: "The husband may recover for the homicide of his wife, and if she leave child or children surviving, said husband and children shall sue jointly and not separately, with the right to recover the full value of the life of the deceased, as shown by the evidence, and with the right of survivorship as to said suit if either die pending the action." Acts 1887, p. 43. It will be noted that the act of 1887 was not an independent and distinct act, but was an amendment to section 2971 of the Code of 1882, as amended by the above act of 1878. This act was not necessary in order to enable minor children to recover for the homicide of their mother under said section of the Code, because this court had held in *Atlanta & West Point Railroad Co.* v. *Venable, 65 Ga.* 55, that this section gave a right of action to minor children for the homicide of their mother, and did not restrict their right to a recovery for the homicide of their father. Is the right given to adult children to recover for the homicide of

their mother under the act of 1887? Prior to the passage of that act, the husband could not recover for the homicide of his wife. Her minor, dependent children alone could sue for her homicide. The main purpose of the act of 1887 was to give the husband the right to recover jointly with her children for the homicide of his wife. The only effect of this act, so far as children are concerned, is to lessen the amount which they could recover for the homicide of their mother, as under this act the full value of the life of the wife was to be shared by the husband and children jointly. In this amendatory act of 1887, and in defining therein what children could recover, jointly with the husband for the homicide of the wife, the legislature again used the language, "child or children," just as it was used in section 2971 of the Code of 1882, in defining what children could recover for the homicide of the father. This court had defined the meaning of this language in *Mott* v. *Central Railroad,* supra. When the legislature passed the act of 1887, it knew the meaning that had been put by this court upon the language, "child or children," in the previous statute defining the right of children to recover for the homicide of their father; and when it used the same language in defining the joint right of the husband and children to recover for the homicide of the wife, we conclude that it used this language in the later statute with the meaning which had been put upon it by this court. This meaning of the language, "child or children," has been consistently followed by this court. *Coleman* v. *Hyer,* 113 *Ga.* 420 (38 S. E. 962) ; *Western & Atlantic R. Co.* v. *Harris,* 128 *Ga.* 394 (57 S. E. 722) ; *Beale* v. *Georgia Railway & Power Co.,* 150 *Ga.* 774 (105 S. E. 447). Before the passage of the act of 1924, to which we shall refer, the rights of children to recover for the homicide of their father and mother were defined in section 4424 of the Code of 1910. In defining what children are entitled to recover either for the homicide of the father or the homicide of the mother, the same language is used in this section. It would hardly be consistent with sound logic to hold that the same language has a different meaning in the two provisions giving to children the right to recover for the homicide of the father and the mother. So we are of the opinion that only minor children can recover for the homicide of their mother, under section 4424 of the Code of 1910. We are aware that a strong

argument can be made, as it has been made by counsel for the plaintiffs in this case, in favor of a contrary holding, and that authorities can be cited in support of such position; but the question is not now an open one for decision by this court. This view is strengthened by the act of August 18, 1924 (Acts 1924, p. 60), under which "a child or children, minor or sui juris, may recover for the homicide of the husband or parent," which shows that the legislature was of the opinion that children sui juris could not, prior to the passage of this act, recover for the homicide of their parent. See *Williams* v. *Seaboard Air-Line Railway Co.*, 33 *Ga. App.* 164 (supra).

2. Can a minor married son, who is living with his widowed mother, recover for her homicide, where it does not appear that he was in fact dependent upon her for support? Primarily the duty rests upon the father to provide for the maintenance, protection, and education of his child until its majority. Civil Code (1910), § 3020. But on the death of the father the duty of supporting the children devolves upon the mother, where the mother has the ability, and the infant child is without means, and is unable to earn a maintenance. Englehardt v. Yung, 76 Ala. 534; Mowbry v. Mowbry, 64 Ill. 383; Nightingale v. Withington, 15 Mass. 272 (8 Am. D. 101); Dedham v. Natick, 16 Mass. 135; Missouri Pac. Ry. Co. v. Palmer, 55 Neb. 559 (76 N. W. 169); Osborn v. Allen, 26 N. J. Law, 388; Wilkes v. Rogers, 6 John. 566; 29 Cyc. 1606, 2 a; Civil Code (1910), § 554. Until majority, the child remains under the control of the father, who is entitled to his services and the proceeds of his labor. Civil Code (1910), § 3021. The parent's duty to support the child, and his right to the custody and services of the child, are generally reciprocal. 29 Cyc. 1612, 5; Ramsey v. Ramsey, 121 Ind. 215 (23 N. E. 69, 6 L. R. A. 682); Husband v. Husband, 67 Ind. 583 (33 Am. R. 107); Leibold v. Leibold, 158 Ind. 60 (62 N. E. 627). The right to the services of children and the obligation to maintain them go together. Whatever deprives the parent of the right to the custody and services of the child, without fault on his part, relieves him from the duty to support the child. Husband v. Husband, supra. The right of the parent to the services and the proceeds of the labor of a minor child is lost whenever the child, with the consent of the parent, marries. Civil Code (1910), § 3021.

The child thus assumes inconsistent responsibilities which entitle him to the proceeds of his own labor. He becomes the head of a new family, and is no longer a member of the family of his widowed mother. This being so, his mother is under no legal obligation to support him. The mother having no right to the services and proceeds of the labor of her married minor son, she is under no obligation to maintain and support him. Such son loses no right by the homicide of his mother, when it does not appear that he was in fact dependent upon her for support, and that she was supporting him at the time of her death.

3. So we are of the opinion that the questions propounded by the Court of Appeals should be answered in the negative.

*All the Justices concur, except Russell, C. J., who dissents.*