*J. G. Faust,* for plaintiff.  *Miles W. Lewis,* for defendants.

26375.  WATSON *et al. v.* THOMPSON *et al.*

Decided October 2, 1937.

*Ryals, Anderson & Anderson,* for plaintiff.
*H. F. Lawson,* for defendants.

Felton, J.  Four children of J. D. Milam sued his fifth child, Mrs. J. H. Thompson, and her husband, for damages for the death of J. D. Milam, their father, alleged to have been caused by the negligence of the defendants.  The court sustained a general demurrer to the petition.  The sole question in the case is whether the four children may maintain the suit against the fifth,

for the full value of the life. The mother was killed in the same wreck, predeceasing the father. It is contended by the defendants that the suit can not be maintained, because the right of action is given to all the children, and not to a part of them. Code, § 105-1302. This would ordinarily be true, but our construction of the law is that all children or parties must join in the suit who are entitled to recover. *Mott* v. *Central Railroad*, 70 *Ga.* 680, 684. The law does not intend that one is rendered immune to the penalties of the law simply because under the circumstances he or she would have had the right to enforce the penalty against another, or that one should be deprived of legal benefits because another, through his own fault, is deprived of a similar benefit. Neither can Mrs. Thompson for the same reason obtain any credit for being a child of the deceased parent. So to hold would be to allow her to profit by her own wrong, if she were guilty of a wrong, and if the jury so found. The suit is properly brought for the full value of the father's life.

The purpose of the statute is to give one joint right of action to those to whom it is possible to join in the suit and who are entitled to recover, and to prevent the bringing of separate suits and the rendering of several verdicts by different juries. Obviously Mrs. Thompson would not be entitled to recover if the facts alleged are true, and the purposes of the act would be frustrated if she were relieved of liability, even though guilty, simply because she and not some one else brought about the death. If Mrs. Thompson is held liable, there can be no other and second suit for the homicide. If she is found not liable, there will be no other suit so far as she is concerned, because she can not sue herself. If Mrs. Thompson is exonerated and her husband held liable, she would share in the verdict as if she were petitioner, she being a party defendant in the case. The court erred in sustaining the general demurrer.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*