18482. VICKERS *v.* VICKERS *et al.*

Argued February 8, 1954—Decided March 8, 1954—
Rehearing denied March 23, 1954.

*E. Way Highsmith, J. H. Highsmith, J. D. Blalock, Highsmith & Highsmith,* for plaintiff in error.

*Bennett, Pedrick & Bennett, Larry E. Pedrick, E. Kontz Bennett, Barrie Jones,* contra.

CANDLER, Justice. James Ira Vickers was killed on April 22, 1952, when an automobile he was driving collided with a truck which was then being operated by an employee of Brunswick Pulp & Paper Company, a corporation. The deceased was survived by his widow and their minor child; also by seven other children, the issue of a former marriage, two of whom were minors at the time of his death. His widow sued Brunswick Pulp & Paper Company for $175,000, alleging in her complaint that her husband was 56 years old at the time he was killed; that his death resulted from a negligent act for which the defendant was liable; and that the full value of his life was the amount sued for. Brunswick Pulp & Paper Company afterwards paid $38,700 in settlement of the suit, and from the amount so paid Mrs. Vickers received $25,000. She took the position that the adult children of the deceased were not entitled to any part of the amount received by her and refused to pay them any part of it. This litigation arose when James Vickers, an adult son of the deceased, sued Mrs. Vickers for his pro rata part of the amount received by her in consequence of the wrongful death of his father. His petition, which was afterwards amended, alleges his right to have and receive a stated part of the amount received by Mrs. Vickers; and it also alleges mismanagement and waste of the funds received by her, and prays for certain injunctive relief, discovery, a receiver, and a judgment for his pro rata part of the amount received by Mrs. Vickers. With respect to the amount received, it is alleged in his petition that Mrs. Vickers, as widow of the deceased, is entitled to one-fifth of the net amount paid by the tortfeasor, and that the eight children of the

deceased are entitled to the remaining four-fifths, share and share alike. The six other children of the deceased by his former wife intervened, and the minor child of Mrs. Vickers was also made a party. The intervenors made, by their petition, substantially the same allegations which James Vickers had made in his petition, and likewise prayed for similar relief. By stipulation, the parties agreed for a named person to take possession of and hold the fund in controversy until the rights of the parties could be finally determined in this litigation, except it was agreed that Mrs. Vickers should retain $500 for certain personal uses, but the amount retained by her was to be properly accounted for when the rights of the parties were finally determined. On the trial it was shown, without dispute, that the deceased was survived by his widow and eight children, three of whom were minors at the time of his death; and that Mrs. Vickers received the net sum of $25,000 in settlement of the litigation which she had instituted against Brunswick Pulp & Paper Company for the wrongful death of her husband. By direction, the jury found that Mrs. Vickers, as widow of the deceased, was entitled to one-fifth of the recovery or $5,000, and that the eight children of the deceased were entitled to the remaining four-fifths, share and share alike, or $2,500 each. There is a proper exception as to this.

Here, as shown by our statement of the case, Mrs. Vickers, as widow, sued Brunswick Pulp & Paper Company, which had in consequence of a negligent act killed her husband. She sought to recover a sum amounting to the full value of his life without deduction for necessary or other personal expense which it would have been necessary for him to have incurred had he lived. The tortfeasor, in settlement of the litigation, paid $38,700, of which the widow received the net sum of $25,000. To whom did the money belong? A determination of this question should and will settle all material issues submitted by the record.

. Prior to 1924, and under an act which the legislature passed in 1887 (Ga. L. 1887, p. 43) amending prior acts, money recovered from a tortfeasor for the wrongful death of a husband and father belonged to his widow and his surviving child or children. It did not become a part of the decedent's estate, it was not subject to any debt or liability of the deceased husband and parent,

and it was held by the widow subject to the law of descents, just as if it were personal property descending to the widow and children of the deceased. These provisions of the amending act of 1887 were included in the Code of 1910 as §§ 4424 and 4425; and this court, in construing them and the acts from which they were codified, held unanimously in *Coleman* v. *Hyer*, 113 *Ga.* 420 (38 S. E. 962), that the words "child" or "children" did not embrace an adult child or adult children of the deceased, but included only a dependent minor child or dependent minor children of the deceased. See also *Griffith* v. *Griffith*, 128 *Ga.* 371 (57 S. E. 698); *Beale* v. *Georgia Ry. & Power Co.*, 150 *Ga.* 774 (105 S. E. 447), and the cases there cited.

In 1924, the legislature amended the act of 1887 and the acts which it had amended (Ga. L. 1924, p. 60). The whole act now appears in the Code of 1933 as Title 105-13, but the question submitted for decision in the instant case relates only to Code §§ 105-1302, 105-1304, 105-1305, and 105-1308. These sections of the Code, being parts of the act of 1924 and the various acts amended thereby, should undoubtedly be considered and construed together. *City of Elberton* v. *Thornton*, 138 *Ga.* 776 (76 S. E. 62, Ann. Cas. 1913E, 994); *Bloodworth* v. *Jones*, 191 *Ga.* 193 (11 S. E. 2d 658). The pertinent sections of the Code which we have enumerated provide: "A widow, or, if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent, the full value of the life of the decedent, as shown by the evidence." § 105-1302. "In the event of a recovery by the widow, she shall hold the amount recovered subject to the law of descents, as if it were personal property descending to the widow and children from the deceased." § 105-1304. "No recovery had under the provisions of section 105-1302 shall be subject to any debt or liability of any character of the deceased husband or parent." § 105-1305. "The full value of the life of the decedent, as shown by the evidence, is the full value of the life of the decedent without deduction for necessary or other personal expenses of the decedent had he lived." § 105-1308. After passage and approval of the amending act of 1924, this court, with two Justices dissenting, decided *Peeler* v. *Central of Ga. Ry. Co.*, 163 *Ga.* 784 (137 S. E. 24), and by headnote 2 held: "It was the purpose of the

General Assembly in the passage of this act [the amending act of 1924] to exclude dependency as a prerequisite essential to a child's right to recover for the homicide of a parent; and the provision of the act entitling a child, whether minor or sui juris, to recover damages for the homicide of its parent, properly construed, makes the question whether the child is dependent upon such parent in any respect wholly immaterial." We have carefully examined the decision in *Peeler's* case, and while it is not a binding precedent, nevertheless, we think it undoubtedly follows the statute and is for that reason a sound statement of the law; and since the facts in that case are in all material respects similar to those in this case, the ruling there made will be followed in the instant case. We therefore hold in the case at bar that the money which the tortfeasor paid to the widow in settlement of the demand declared upon did not become a part of the decedent's estate; that it was not subject to any debt or liability of any character of the deceased; that it belonged to the widow and the children of the deceased, whether they be minors or sui juris, and whether they were dependent upon the deceased or not; and that it was distributable among and to them according to the rules of descent as fixed by Code § 113-903, which in this case is one-fifth to the widow and the remaining four-fifths, share and share alike, to the eight children of the deceased. Having reached this conclusion and since this is the controlling question in the case, we do not think it is at all necessary to deal with other collateral questions posed by the record. Accordingly, we find no reversible error.

*Judgment affirmed. All the Justices concur.*