The Georgia Railroad and Banking Company *vs.* Wynn.

---

THE GEORGIA RAILROAD & BANKING COMPANY, plaintiff in error, *vs.* ROBERT J. WYNN, defendant in error.

An action was brought by the plaintiff against the defendant to recover damages for the homicide of his wife, alleged to have been caused by the negligence of the defendant in the running of his engine and cars at the crossing of a public road over the defendant's railroad, and there was a special demurrer to the plaintiff's declaration, on the·

grounds: 1st. Because it is not alleged that the homicide, for which damages are claimed, was caused by *collision* with the engine or cars of defendant. 2d. Because the husband has no right, under the common law or statute law of Georgia, to maintain an action to recover damages for the homicide of his wife. The Court overruled the demurrer on both grounds, and the defendant excepted:

*Held,* That the defendant is liable for an injury done to the person or property of another at a public crossing on his road, by the running of his engine and cars, resulting from the negligence of his agents and servants to blow the whistle of his engine or locomotive, as required by the 742d section of the Code, although there is no actual *collision* of the engine and cars with the person or property injured by such negligence, in all cases in which the plaintiff is entitled to sue for and recover damages under the law, for the alleged injury of which he complains, resulting from such negligence of the company, and that this ground of demurrer was properly overruled.

By the common law, the husband could not maintain an action to recover damages for the homicide of his wife, and, by the provisions of the Code of this State, authorizing damages to be recovered for *physical* injuries done by one person to another, the right to recover damages for a homicide is limited to a widow for the homicide of her husband, or if there is no widow, then the child or children may recover damages for the homicide of the husband or parent; but the Code does not give the right to the husband to recover damages for the homicide of his wife. If the Legislature had intended to have changed the common law rule on this question, it would have done so when declaring the particular class of persons, who were entitled to recover damages for homicide, in the 2920th section of the Code. The Court below, therefore erred in overruling the second ground of demurrer to the plaintiff's declaration.

Husband and Wife.    Damages.    Railroad Companies. Before Judge ROBINSON.    Morgan Superior Court.    September Term, 1870.

Wynn brought case against the Georgia Railroad & Banking Company, making the following averments: On the 18th of July, 1869, defendant was running over its road a " paytrain," without a schedule and without notice to the public. Plaintiff's wife was traveling in a carriage, drawn by mules, unaccustomed to seeing steam engines; she asked when the train would run over the portion of the road along her route, and was told that there would be no train for three hours.

The Georgia Railroad and Banking Company *vs.* Wynn.

After going about three miles, and while crossing the railway, at a public crossing, said " pay-train " came suddenly round a curve near the carriage, frightened the mules, and they ran away and so hurt his wife that she died of her injury.   The whistle of the engine was not blown, as required by law, nor were there any blow posts there, as was required by law. Had the whistle been so blown, the damage would have been prevented.

By reason of this injury, plaintiff was deprived of the comfort and society of his wife, and of her aid and assistance in the management of his domestic affairs, and care and education of his children, and he was obliged to lay out and expend $1,000 00 in attempting to cure her and in furnishing her with attendance and nursing during her consequent sickness, and other money, say $1,000 00, about her burial expenses.

The declaration was demurred to, upon two grounds: 1st. Because it is not averred that said injury was caused by collision with the engine or cars of said defendant, and the statute gives no right of action, unless the injury comes from such collision, caused by negligence or carelessness of defendant's agents.   2d.  Because a husband cannot recover damages for the death of his wife.  The Court overruled the demurrer and that is assigned as error.

BILLUPS & BROBSTON; A. G. FOSTER, for plaintiff in error.

REESE & REESE; T. G. LAWSON, for defendant.

WARNER, J.

There was no error in the judgment of the Court below in overruling the first ground of demurrer to the plaintiff's declaration, as set forth in the record.   After the most diligent research, we have not been able to find a single case in which it has been held, that, by the common law, a husband could

maintain an action to recover damages for the homicide of his wife. In Baker vs. Bolton, 1st Campbell's Reports, 493, Lord Ellenborough said, "In a civil Court, the death of a human being could not be complained of as an injury; and, in this case, the damages, as to the plaintiff's wife, must stop with the period of her existence." This declaration of Lord Ellenborough, coupled with the fact that no such case can be found in the Reports, or cited in the elementary books, furnishes almost conclusive evidence of the rule of the common law upon that question. The 2920th section of the Code, providing for the recovery of damages for physical injuries, *limits* the right of recovery to a widow, or if no widow, then to the child or children, for the homicide of the husband or parent. If the General Assembly had intended to have altered the common law so as to give to the husband a right of action to recover damages for the homicide of his wife, they would have so declared when providing for the particular class of persons specified in the Code. In our judgment, the Court below erred in overruling the second ground of demurrer to the plaintiff's declaration, as specified in the record.

Let the judgment of the Court below be reversed.