FEBRUARY TERM, 1880.    55

The Atlanta and West Point Railroad Co. *vs.* Venable, next friend.

THE ATLANTA AND WEST POINT RAILROAD COMPANY
*vs.* VENABLE, next friend.

Section 2971 of the Code provides as follows : "A widow, or if no
widow a child or children, may recover for the homicide of the hus-
band or parent; and if suit be brought by the widow or children,
and the former or one of the latter dies pending the action, the same
shall survive in the first case to the children, and in the latter case
to the surviving child or children :"

*Held*, that this section gives a right of action against a railroad by the
minor children for the homicide of the mother, and does not restrict
their right to the homicide of the father.

Railroads. Damages. Parent and child. Laws. Be-
fore Judge HILLYER. Fulton Superior Court. Septem-
ber Term, 1879.

Venable, as next friend of certain minor orphan chil-
dren, brought case against the Atlanta and West Point
Railroad for the homicide of their mother. Defendant
moved to dismiss the case because the children had no
right of action. The motion was overruled and defendant
excepted.

N. J. HAMMOND, by COLLIER & COLLIER, for plaintiff
in error.

T. P. WESTMORELAND, for defendant.

JACKSON, Justice.

This was a demurrer to plaintiff's declaration against
the company, or a motion to dismiss it, on the ground
that the minor children of a mother killed by the negli-
gence of railroad officials, had no right of action against
the railroad company, under the laws of this state. The
question turns on the construction of section 2971 of our
Code, which is in these words : "A widow, or if no widow

a child or children, may recover for the homicide of the husband or parent; and if suit be brought by the widow or children, and the former or one of the latter dies pending the action, the same shall survive in the first case to the children, and in the latter case to the surviving child or children." The court below held that the word parent meant either father or mother in its ordinary sense, and that this signification was not restricted by the other words in the section. We think that the ruling is right. If the legislature had meant to limit the recovery to the the death of the father, the word father would have been employed. The fact that the word "parent" is used seems to us pregnant with meaning. In all statutory enactments in this state, "the *ordinary* signification shall be applied to all words, except words of art, or connected with a particular trade or subject-matter," is the language of section 4 of the Code. The word "parent" is connected with no trade and is not a word of art; it means ordinarily mother as well as father, and must be so construed.

The reason and spirit of the enactment would require the same construction. In case of the death of the father, the mother is bound to support the children—Code, §764—therefore they have an interest in her life, and ought to be authorized to sue for her homicide, just as well as they would be for their father's if he had been killed and they were deprived of his support. The section of the Code under consideration—§2971—is codified from the acts of 1850 and 1855-6—Cobb's Digest, p. 476; acts of 1855-6, p. 155; and a careful examination of those acts does not lead us to a different construction of this section. Even if the words of those acts were so changed as to give a larger meaning to the Code, that meaning would be applied as the latest utterance of the law-making power.

Judgment affirmed.