SCOTT, next friend, *vs.* THE CENTRAL RAILROAD.

1. Where a bill of exceptions was presented to the judge and he
signed it, certifying only one of the grounds of error, stating in his
certificate that he had previously received the bill of exceptions,
but had returned it for correction to counsel who had prepared it,
his power over such bill of exceptions was thereby exhausted, and
he could not thereafter hear testimony as to the truth of the state-
ments therein contained, revise and correct it, and again certify
it, adding a note explaining what had been done.   Under such a
state of facts, the writ of error will be dismissed.
(a.) Section 4257 of the code contemplates the returning of the bill
of exceptions with the judge's objections thereto in writing, or the
hearing of testimony, if the judge sees proper, before signing the
certificate.   After having once signed, he has no such power.

2. Where a husband and father is dead, a right of action arises in favor of the children for the homicide of their mother, but they have no such right of action where their father is alive.

November 23, 1886.

Practice in Supreme Court. Railroads. Parent and Child. Damages. Actions. Before Judge CARSWELL. Washington Superior Court. March Term, 1886.

Cornelia Williams and other minor children of. Ann Williams, deceased, by their next friend, Edmund Scott, brought suit against the Central Railroad to recover for the homicide of their mother. The declaration alleged that their father was living at the time of the homicide, and was still, but that the mother, during her lifetime, furnished shelter and clothes for them; that they were abandoned by their father almost entirely, both before and since the homicide; and that he was totally insolvent and without property.

On the trial, the jury found for the defendant. The plaintiff moved for a new trial, which was refused, and he excepted.

J. A. ROBSON; R. J. HARRIS; J. T. JORDAN, for plaintiff in error.

LAWTON & CUNNINGHAM; HINES & ROGERS, for defendant.

JACKSON, Chief Justice.

1. A motion was made to dismiss this writ of error on the ground that there is no legal certificate made thereon by the presiding judge.

The facts appear to be that on April 29th, 1886, the judge certified to but. one ground of error, stating that on April 17th he had first received the prepared bill of exceptions, but had returned it for correction to counsel who had prepared it. It came to him again, and he certified only to the one ground.

On the 11th of June, 1886, the judge made another certificate on the bill of exceptions, in which he seems to have corrected the third and fourth grounds of error by altering them in a manner that we do not understand, and with this correction, he certifies again the bill of exceptions, stating that before he signed the bill of exceptions he had made these corrections.

On the same day—11th June—he makes this *addendum:* that "since the first certificate to the bill of exceptions was signed by me, at the request of counsel for plaintiff in error I have, under section 4257 of the code, heard evidence as to the correctness and truth of the 2d, 3d and 4th grounds of error as contained and set forth in the foregoing bill of exceptions, and, as revised and corrected by me, I have certified that they are true.

"This bill of exceptions was returned to me by counsel for plaintiff in error, and has been retained by me until to-day in order that the evidence could be submitted to me by both sides as to the truth and correctness of said grounds of error."

We are of the opinion that neither of these certificates is such as the law requires, and upon neither can the bill of exceptions legally rest. In the first, the judge absolutely declines, after he had sent it back to counsel for correction, to certify to the truth of the bill of exceptions, except as to one point, and to that he does certify; but after this first certificate, which completed a writ of error to be sent up to this court, he was persuaded by counsel for plaintiff in error to proceed, he says, under section 4257 of the code, to appoint a time to hear testimony, and from this results the second certificate, that is made after various alterations and interlineations and with two *addenda* to it. Therefore if, as argued by plaintiff in error, the first certificate is not good—null and void because of one *addendum*—much more would the other be null and void when encumbered with two *addenda.* This, however,

is not the point on which the motion turns; it is that the law allows no such procedure as was had here.

For the law nowhere allows on the same bill of exceptions but one certificate. If one be made, whether it certifies all or part of the bill of exceptions, that bill of exceptions is a finished document—a writ of error—over which this court has jurisdiction either to hear on the merits or dismiss for legal cause. After that one certificate is signed, within fifteen days counsel must file it with the clerk and within ten serve it; and this original paper, thus filed, must be sent here, the clerk keeping a copy in his office below.

Section 4257 does not require nor does it permit the judge, after he has once put his signature on a bill of exceptions, as to its truth or want of truth, as to its truth in part and lack of truth in another, then to hear evidence to fix up another certificate on the same bill of exceptions. That section declares that, " If the judge shall determine that the bill of exceptions is not true, or does not contain all the necessary facts, he shall return the same, within ten days, to the party or his attorney, with his objections to the same in writing. If these objections are met and removed, the 'judge may then certify, specifying in his certificate the cause of the delay. If the judge sees proper, he may order notice to the opposite party of the fact and time of tendering the bill of exceptions, and may hear evidence as to the truth thereof."

By this section, he is to return the bill, with his objections in writing, within ten days, but he is to return it without any certificate, but just as he seems to have done before his first certificate ; and when it came back, then he might sign, if the difficulties were removed. But he signed when they were not removed, and thus had done what he could, that is, certified as to one ground only. There his duty was done—his power exhausted. After that signing, neither section 4257 nor any other law enabled him to hear evidence or postpone to hear it. The

last clause of the section concludes the meaning of the section. The notice to the opposite party is to be present when the bill of exceptions is tendered to the judge. Tendered in what condition? Already signed? Hardly, when the very object is to make it the truth by evidence, so that the judge may sign and certify the truth.

In any view of the case, the bill of exceptions or writ of error must be dismissed.

2. But if we kept the case before us, it could not help the plaintiff in error. The father of these children is alive. It is when he is dead that the action lies in case of the homicide of the mother. Such is the reasoning on which the case of *The Atlanta and West Point Railroad Company vs. Venable, next friend*, in 65 *Ga.* 55, and the same company *vs. Venable, next friend*, in 67 *Ga.* 697, is made to rest. It was close reasoning, though sound, that caused this court to include the mother under section 2971 of our code. The word parent was held to include either parent on whom the duty of supporting the child was cast by law; such parent is the father, if living, but if dead, then the burden to maintain the children by our law is cast upon the mother, but not till then. Then the children can sue for the homicide of the mother, but not before. The right is statutory solely, and the statute must be looked to alone to ascertain rights to sue railway companies or others for the homicide of parents. No such right existed at common law.

Writ of error dismissed.