8156.   DENHAM *et al. v.* TEXAS COMPANY *et al.*

1. Minor children residing with their father can not maintain an independent and separate suit for the negligent homicide of their mother, under section 4424 of the Civil Code of 1910, which provides that "the husband may recover for the homicide of his wife, and if she leaves child or children surviving, said husband and children shall sue jointly, and not separately, with the right of survivorship as to said suit if either die pending the action."

2. The failure and refusal of the husband and father to join in the suit with the children for the negligent homicide of the mother will not authorize a separate suit by the children.

3. The court did not err in sustaining the general demurrer to the petition.
DECIDED APRIL 4, 1917.

Action for damages; from Baldwin superior court—Judge Park. January 11, 1916.

C. E. Denham and others, by their next friend, filed suit against the Texas Company and A. S. Denham, alleging the following facts: Plaintiffs are the minor children of A. S. Denham and Patty N. Denham. The Texas Company is a corporation non-resident of this State, and A. S. Denham is, and was at the time of the injury complained of, the company's agent in charge of its office in the county of the suit. On June 10, 1915, Mrs. Patty N. Denham, the mother of the plaintiffs, at the invitation of said A. S. Denham, agent of the Texas Company, and with the knowledge and assent of the Texas Company, occupied a seat and was riding in an automobile then being used by the Texas Company in

the conduct of its business in said county. The said automobile was being then operated by A. S. Denham in the performance of his duties as the agent of said Texas Company. While the plaintiffs' mother was so riding she was thrown from the automobile and killed, as a result of the negligence of A. S. Denham, her husband, in causing said automobile to collide with another vehicle. The specific negligence alleged was: the operation of the automobile at a high and dangerous rate of speed, in violation of a valid municipal ordinance of the City of Milledgeville, and in violation of the rules of the road, and in violation of the law of the State; the failure to check the speed of the automobile on approaching a street crossing in the City of Milledgeville, and the failure to sound a horn or whistle or to give any warning in approaching the said street crossing. Mrs. Patty N. Denham, at the time of her death, was capable of earning $60 per month, she was thirty-four years of age and had a reasonable expectancy of thirty-five years of life, and the full value of her life was $7,500. The petitioners are her only heirs at law. By amendment it was alleged that the car furnished by the Texas Company was defective, in that its brakes were out of order and would not operate, and could not be applied to stop the car when it was in motion; that the failure to have the car equipped with a proper brake was negligence and contributed to the injury complained of, and that A. S. Denham, the father of the plaintiffs, refused to sue for the death of his said wife; and the prayer for judgment against him was stricken.

The Texas Company demurred to the petition, on the following grounds: (1) The allegations of the petition set out no cause of action against the defendant; (2) the petition shows on its face that the injury and death of the plaintiffs' mother was attributable to the negligence of their father, at whose invitation their mother was riding at the time; (3) the petition shows on its face that the father of the plaintiffs was living at the time the suit was filed; that the right of action for the homicide of the wife and mother was in the husband and father, and not in the children; and that during the lifetime of the father no right of action for the homicide of the mother exists in the children. The court sustained the demurrer and dismissed the petition.

*Hines & Vinson,* for plaintiffs.  *Allen & Pottle,* for defendant.

GEORGE, J. (After stating the foregoing facts.) The principal,

and perhaps controlling, question presented here is whether minor children can recover for the negligent homicide of their mother when the husband and father is living and refuses to sue. If the plaintiffs can recover at all, they must do so by authority contained in section 4424 of the Civil Code of 1910. This section first appeared in the Code of 1863, as section 2913, and in the Irwin revision as section 2920. See also section 2971 of the codes of 1873 and 1882. Section 2913 of the Code of 1863, supra, contains only the first sentence of the present section, which is as follows: "A widow, or if no widow, a child or children, may recover for the homicide of the husband or parent, and if suit be brought by the widow or children, and the former or one of the latter dies pending the action, the same shall survive in the first case to the widow, and in the latter case to the surviving child or children." This section of the Code of 1863 is codified from the act of 1850 (Cobb's Digest, 476), and the act of 1856 (Acts 1855-6, p. 155). The act of 1856 was an act to enlarge and extend the liability of railroad companies for injury to person or property, and section 4 therein provided, "if any one shall be killed by the carelessness, negligence, or improper conduct of any of said railroad companies, their officers, agents or employees, by the running of the cars or engines of any said companies, that the right of action to recover damages shall vest in his widow, if any; if no widow, it shall vest in his children if any, and if no child or children, it shall vest in his legal representatives." In *Miller* v. *Southwestern Railroad Co.*, 55 *Ga.* 143, the court said: "In providing in the Code who might recover damages for the homicide of another, it is limited to the widow and children of the husband or parent; the words in the act of 1856, 'if no child or children, it shall vest in his legal representative,' are omitted, and as the legislature, in adopting the 2971st section as it found it in the Code [of 1873], were dealing with the same subject-matter as contained in the 4th section of the act of 1856, we are bound to presume that the words 'if no child or children, it shall vest in his legal representative,' were intentionally omitted." By the act of 1878 (Acts 1878-9, p. 59) it was provided: "The plaintiff, whether widow or child or children, may recover the full value of the life of the deceased as shown by the evidence. In the event of a recovery by the widow she shall hold the amount recovered, subject to the laws

of descents just as if it had been personal property descending to the widow and children from the deceased." And it was there further provided that "any recovery had under the provisions of this act, and of the law of which it was amendatory, shall be subject to no debt or liability of any character of the deceased husband or parent."

The first sentence of section 4424 of the present code was considered and construed in *Atlanta & West Point Railroad Co.* v. *Venable,* 65 *Ga.* 55, and it was there held that the word "parent" meant either father or mother, and that the section gave a right of action to the minor children for the homicide of the mother, and did not restrict them to recovery for the homicide of the father. In that case it was not expressly decided, but in the argument sustaining the court's view it was intimated, that the right of the child to recover for the death of its mother exists because the death of the father casts the burden of supporting the child on the mother, and the child thus becomes interested in the life of the mother. In *Mott* v. *Central Railroad,* 70 *Ga.* 680 (48 Am. R. 595), it was held that the adult son of one killed by a railroad train, who left neither widow nor minor child, could not maintain a suit to recover damages for the homicide. The opinion in that case recognizes that the right of action is given the child for the negligent homicide of the husband or parent, but confines the right to a dependent member of the family at the time of the homicide of the parent, and confirms the intimation expressed in the argument in the *Venable* case, supra. In *Scott* v. *Central Railroad,* 77 *Ga.* 450 (2), it was unequivocally held: "Where a husband and father is dead, a right of action arises in favor of the children for the homicide of their mother, but they have no such right of action where their father is alive." That case was decided on November 23, 1886. In 1887 the legislature further amended the section of the code now under consideration, by inserting, after the words "surviving child or children," the following: "The husband may recover for the homicide of his wife, and if she leave child or children surviving, said husband and children shall sue jointly and not separately, with the right to recover the full value of the life of the deceased, as shown by the evidence, and with the right of survivorship as to said suit if either die pending the action. A mother, or if no mother, a father, may

recover for the homicide of a child, minor or sui juris, upon whom she or he is dependent, or who contributes to his or her support, unless such child leave a wife, husband, or child. Said mother or father shall be entitled to recover the full value of the life of said child. The word 'homicide,' used in this section, shall be held to include all cases where the death of a human being results from a crime or from criminal or other negligence." · Acts 1887, p. 43. Since the passage of this act no case involving the right of the child to recover for the negligent homicide of the mother, where the husband and father is in life and fails or refuses to join in the action, has been before the Supreme Court of this State, so far as we know.

Counsel for the plaintiffs in error contend that the amendment of 1887, supra, gives to the children a substantial interest in the life of the mother, even in the lifetime of the husband and father, and that the provision of that amendment requiring the joinder of the children with the husband and father in the suit is merely a rule of practice, in no wise limiting the substantial right of the children to sue for the negligent homicide of the mother. It is urged that this provision aims to prevent a multiplicity of suits, but does not deny the right of the child or children to sue in the event the father and husband refuses to join in the action. It must be remembered that prior to the act of 1887 the father could not sue for the homicide of the mother. In the case of *Georgia Railroad & Banking Co.* v. *Wynn,* 42 *Ga.* 331, it was ruled that the husband has no right, under the common law or the statute law of Georgia, to maintain an action to recover damages for the homicide of his wife. While the act of 1887 was passed at the session of the legislature next after the decision in *Scott* v. *Central Railroad,* supra, we are not by that fact persuaded that the legislature intended to give to the child a right of action for the homicide of the mother if the husband and father were living. The plain language, "the husband may recover for the homicide of his wife" (the first clause of the amendment), would indicate that the legislature intended to give the right of action to the husband for the homicide of his wife,—a right heretofore denied the husband under the laws of the State. Prior to the act of 1887, on the authority of the decisions of the Supreme Court cited above, the children had a right of action for the homicide of the

mother, the husband and father being dead, but the husband had no right of action at all. The father and husband being in life, no one could recover for the homicide of the mother and wife. We think that this amendment intended to confer upon the husband the right of action for the homicide of his wife, but qualified this right by the provision that the action should be brought jointly in his name and in the name of the children, if any. If the amendment of 1887 affects the decisions in the *Scott* and *Venable* cases, supra, it simply put in the form of a statute the decisions of the court to the effect that during the life of the father the children had no separate cause of action in their own right. Our conclusion is influenced by the rule of strict construction always applied to the provisions of section 4424 of the present code. The statute is in derogation of common law, and is strictly construed. It is not remedial and subject to liberal construction. The right to maintain a civil action for a negligent homicide has been restricted by the repeated decisions of the Supreme Court of this State to those persons expressly named or by necessary implication included in the terms of the statute. Moreover, it must be remembered that the right of civil action for a negligent death is founded upon the theory of compensation. The beneficial interest in the life of the deceased is the basis upon which the right of recovery exists. So it is ruled in this State that a father can not maintain an action for damages on account of the homicide of his infant child, who was at the time of its death incapable of rendering him any services. The mother can not recover for the homicide of her son unless she is able to allege and prove facts showing a pecuniary damage to her in the death of the son. While our statutes may be and are in certain instances punitory, they are largely compensatory. If a penalty were intended to be inflicted upon the wrongdoer, the legislature might easily so provide, and then the wrongdoer could never escape for want of a party plaintiff. In conferring the right of action for a mere negligent homicide the legislature did not intend thereby to punish the wrongdoer.

Our attention is directed to the hardships that may and will often result to the children of the deceased mother if they be not given the right of a separate action for her death. It is said that the father and mother may separate. It is said that the father may divorce the mother. At the present day this is too often true.

It is said that the father may abandon his family and that his whereabouts may be unknown to his children. We do not think that such injustice will flow from the construction we have here placed upon section 4424 of the code. If the father is separated from the mother, and if the burden of supporting the children is cast upon the mother, she in legal effect is the head of the family, and for her wrongful death under such circumstances the children may have the right to sue. If the father be divorced, and if the mother be given the custody of the children, the provision of our law which compels her to support the children during their minority might confer upon them such a beneficial interest in her life as would enable them to maintain a suit in their own names for the death of the mother, but we do not so decide. If injustice to the children result in exceptional cases by reason of the construction here given to section 4424, that matter should be brought to the attention of the legislature. In the present case the decision is certainly in no wise unjust to the children. The father is in life. The children are living with him. The civil law places upon him the duty to support his children, and the criminal law compels him to discharge this duty. His negligence caused the death of his wife, the mother of the plaintiffs. Certainly he can not recover. The law gives to him the benefit of the wife's services during her life. If another wrongfully destroys the earning capacity of the wife, the right of recovery is in the husband. If her death is due to the negligence of another, the right of action, by the plain language of the code section, is in the husband. If she leave child or children surviving, the husband and children must sue jointly, and not separately. Conceding that the children have the joint right of action for the negligent homicide of the mother when the father is in life, a strict construction of the code section confines them to a joint action against the wrongdoer. The section, by its terms, does not authorize a separate suit by the children, the father being in life. If this section be not given the construction here placed upon it, in a case where the homicide of the wife is caused by the negligence of one other than the husband, it is conceivable that the children may recover the full value of the life of the mother upon an allegation in the petition to the effect that the husband and father refuses to join in the action. This, at the time of the filing of the suit and at the time of the trial, may in

fact be true. It would be difficult to conceive any just or equitable ground upon which the husband's subsequent right to recover in his own right for the homicide of his wife could be defeated, where, as in this case, he is not made a party to the suit brought by the children.

If we are correct in our conclusion, the plaintiffs can not maintain this action. It is questionable whether the petition sets forth a cause of action even if the right of the children to bring this suit is conceded. While it is averred that the mother was riding in the automobile of the Texas Company, with the knowledge and assent of that company, it is very plain to us that this knowledge and assent were in truth and in fact the knowledge and assent of her husband. The corporation is alleged to be a non-resident of the State, and the husband is alleged to be the agent in charge of its place of business in Baldwin county. The petition is to be construed most strongly against the plaintiffs. A fair, and certainly a strict, construction of the allegations made in the petition would lead to the inference that the husband of the deceased was the only representative of the company in Baldwin county at the time of the death of his wife. It is alleged that the husband of the deceased was acting within the scope of his duties in permitting his wife to ride in the car with him. This is a very broad conclusion. The company ought not to be held liable merely because the husband invited the wife to ride with him in the car. Knowledge and consent, express or implied, upon the part of the company are essential to the plaintiffs' cause of action. Moreover, the husband and agent must have been acting within the scope of his authority. The facts alleged in the petition, when conclusions are disregarded, hardly make a case entitling the plaintiffs to recover. Our judgment is not, however, placed upon this ground. There was no special demurrer. Counsel may desire the Supreme Court of this State to pass upon the important question ruled in the headnotes to this opinion. We desire to leave the question unincumbered by any embarrassing observations, and rule directly that the trial judge rightly dismissed the petition on demurrer, because the children have not, under the law of this State, the right to bring a separate action for the wrongful homicide of the mother, if the husband and father be in life, although he may refuse to join in the action.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*