## 10738.  GEORGIA RAILWAY & POWER COMPANY
### *v.* BEALE.

A married daughter, living with and supported by her husband, cannot sue for the homicide of her father, though she be the only minor child and the father's wife died before the homicide.

DECIDED MAY 21, 1920.

(Certiorari was granted by the Supreme Court.)

Action for damages; from Fulton superior court — Judge Pendleton.  June 16, 1919.

*Colquitt & Conyers,* for plaintiff in error.

*Little, Powell, Smith & Goldstein,* contra.

SMITH, J.  Mrs. Marjorie A. Beale brought suit, through her husband, R. H. Beale, as next friend, to recover damages for the homicide of her father, claiming that he had been killed on account of the negligence of the Georgia Railway & Power Company.  The deceased was a widower at the time of his death.  The petitioner, at the time of her father's death, was married, and, nothing appearing to the contrary, it must be presumed that she was supported by her husband.  She was the only minor child of the deceased.

This case presents but a single question, and that is, has the plaintiff, under the facts stated, a right of action under the provisions of the Civil Code (1910), § 4424, for the negligent homicide of her father?  The code-section referred to provides as follows:  "A widow, or, if no widow, a child or children, may recover for the homicide of the husband or parent; and if suit be brought by the widow or children, and the former or one of the latter dies pending the action, the same shall survive in the first

case to the children, and in the latter to the surviving child or children. The husband may recover for the homicide of his wife, and if she leaves child or children surviving, said husband and children shall sue jointly, and not separately, with the right to recover the full value of the life of the deceased, as shown by the evidence, and with the right of survivorship as to said suit if either die pending the action. A mother, or, if no mother, a father, may recover for the homicide of a child minor or sui juris, upon whom she or he is dependent, or who contributes to his or her support, unless said child leave a wife, husband, or child. Said mother or father shall be entitled to recover the full value of the life of said child." Is the word "child" here used in its broad generic sense, and limited only to the concept of parentage and offspring, or is it employed in its narrower and more restricted sense, as referring to the members of a family who, as such, are dependent children? Both the Supreme Court and this court have by previous decision already passed upon and interpreted the meaning and intent of the statute in this respect, and have repeatedly held that the word "child," as here used, should be taken in its limited sense. As pointed out by this court in *Denham* v. *Texas Co.,* 19 *Ga. App.* 662, 665 (91 S. E. 1070), it was intimated by the Supreme Court as far back as the case of *Atlanta & West Point Railroad Co.* v. *Venable,* 65 *Ga.* 55, "that the right of the child to recover for the death of its mother exists because the death of the father casts the burden of supporting the child on the mother, and the child thus becomes interested in the life of the mother." In *Mott* v. *Central Railroad,* 70 *Ga.* 680 (48 Am. Rep. 595), it was ruled that the statute as it then existed did not give a right of action to an adult child, and in the opinion the court used the following language: "We cannot entertain a serious doubt that the legislature meant to use the word 'children' in a limited and specific and not in a generic or general sense. . . It is evident, from the decisions upon previous legislation, that they were such only as were entitled to a support from the deceased; such as were dependent members of the family at the time of the homicide of the parent." This language was quoted with approval by the Supreme Court in *Coleman* v. *Hyer,* 113 *Ga.* 420, 422 (38 S. E. 962), in which case the court said that the act amending this section, subsequent to the ruling in

the *Mott* case, did not have the effect of enlarging the meaning of the word "children." See also *Western & Atlantic R. Co.* v. *Harris,* 128 *Ga.* 394 (1) (57 S. E. 722). In the *Denham* case Judge George, speaking for the court, said: "It must be remembered that the right of civil action for a negligent death is founded upon the theory of compensation. The beneficial interest in the life of the deceased is the basis upon which the right of recovery exists." In the *Denham* case minor children living with their father sought to maintain an independent action for the homicide of their mother, and in the course of the opinion this language was used: "It is said that the father may abandon his family and that his whereabouts may be unknown to his children. We do not think that such injustice will flow from the construction we have here placed upon section 4424 of the code. If the father is separated from the mother, and if the burden of supporting the children is cast upon the mother, she in legal effect is the head of the family, and for her wrongful death under such circumstances the children may have the right to sue. If the father be divorced, and if the mother be given the custody of the children, the provision of our law which compels her to support the children during their minority might confer upon them such a beneficial interest in her life as would enable them to maintain a suit in their own names for the death of the mother, but we do not so decide. If injustice to the children result in exceptional cases by reason of the construction here given to section 4424, that matter should be brought to the attention of the legislature."

Thus it will be seen that the decisions are uniform in holding that dependency is the basis of the right of a child to maintain such an action. Upon this theory and interpretation it is manifest that a married woman, not dependent upon her father, cannot maintain an action for his homicide, since by marriage the wife's legal civil existence is merged in the husband (Civil Code (1910), § 2992; *Central of Georgia Ry. Co.* v. *Cheney,* 20 *Ga. App.* 393, 93 S. E. 42), and upon the marriage of the minor daughter the duty to support is transferred to the husband. Civil Code (1910), § 2996; *Brunswick Light Co.* v. *Gale,* 91 *Ga.* 813 (18 S. E. 11); *Georgia Railroad &c. Co.* v. *Tice,* 124 *Ga.* 460 (5) (52 S. E. 916, 4 Am. Cas. 200); *Wrightsville & Tennille R. Co.* v. *Vaughn,* 9 *Ga. App.* 371 (71 S. E 691); Civil Code (1910),

§ 3021 (5). See also *Goss* v. *Harris,* 117 *Ga.* 345 (43 S. E. 734).

Under our view of the law as it has been interpreted, we are of the opinion that the petition failed to set forth a cause of action, since it appears therefrom that the plaintiff had no beneficial interest in the life of the one alleged to have been killed, and that the court erred in failing to sustain the defendant's demurrer.

*Judgment reversed. Jenkins, P. J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. While conceding that the object of the statute is to provide for the dependents of a deceased parent, yet the statute, instead of providing that dependents should recover, and thus leaving the question as to dependency open to controversy in every case, seeks to obviate this confusion, and specifically designates the beneficiaries by name, without any qualification indicating dependency. Among others, the statute provides that a "child" may recover for the homicide of its parent. The Supreme Court, having in mind this object of the statute, has construed the word "child" to mean a child who is an infant, i. e., a child under 21 years of age, and not an adult. *Mott* v. *Central Railroad, Coleman* v. *Hyer, Western & Atlantic R. Co.* v. *Harris,* supra. The statute therefore is to be construed as if the word "child" read "infant." Any construction, therefore, of the word "child" (meaning infant) which limits its meaning to an infant who is not married gives to the word "child" a construction to which it is not susceptible under any of its recognized definitions. Such a construction adds to and amends the statute, and does not construe it. It amounts to judicial legislation. The statute having named and fixed a "child" (meaning infant) as a beneficiary, no judicial inquiry into the child's dependency, either as a matter of law or fact, is permissible. The duty of the court is only to construe the words of the statute and expound the law as it is written, and not to add to the definition of a word or amend the statute. The statute in terms names a "child" (meaning infant) as a beneficiary, and therefore precludes any inquiry into the "child's" (meaning infant's) dependency. The beneficiary therefore may in a particular instance fall without the object of the statute. but yet fall within its terms.

Besides, financial dependency of a child, or dependency for support upon the parent, does not apply in every case under the

statute. "The husband may recover for the homicide of his wife, and if she leaves child or children surviving, said husband and children shall sue jointly. . ." The father of such a child being in life, there certainly is no presumption that the child, who under the statute is given the right to sue for the homicide of the mother, is dependent upon her for support. Such child may be dependent upon the mother in many other respects; and, although independent of the mother for financial support, the child may nevertheless, under certain conditions, recover for the mother's homicide. It can therefore be doing no violence to the statute to hold that a child who is married, and thus also financially independent of the father for support, may recover for his homicide. The above-quoted provision of the statute giving a child, together with the father, the right to recover for the homicide of the mother, was added in 1887 (Ga. L. 1887, p. 43), after the rendition of the decision in the *Mott* case, supra, in 1883, which construed the word "child" as meaning an infant and not an adult. The beneficiaries of the statute as it now reads, being not in all instances children dependent for support and maintenance, what was said in the *Mott* case should be confined to the particular question there presented and in the cases following it, to wit, whether or not an *adult* child had a right to recover. The statute as it read when construed in the *Mott* case should now be construed in the light of the amendments thereto, and as it now reads as codified in the Civil Code (1910), § 4424.

It follows therefore that no change in the status of such "child" (meaning infant), by marriage or otherwise, even though the child's dependency upon the parent for support is destroyed should operate to deprive such "child" (meaning infant) of the right secured by the statute to recover for the homicide of the parent. Marriage, while destroying the "child's" (meaning infant's) status of financial dependency upon the parent for support, does not destroy the child's dependency upon the parent for other things which a parent can give, and does not destroy the "child's" status as an infant. An infant who is married in an infant still. 2 Bishop on Married Women, sec. 511 et seq.; *Nicholson* v. *Wilborn,* 13 *Ga.* 467.

I am therefore of the opinion that the marriage of a "child"

(meaning infant) does not operate to deprive such "child" of the right to recover for the homicide of the parent.