402

No. 12135. JANUARY 18, 1938.

*Ryals, Anderson & Anderson,* for plaintiffs.

*H. F. Lawson,* for defendants.

GRICE, Justice. The Court of Appeals (in Case No. 26376) certified the following question for decision: "Where a mother and father are injured at the same time, and the mother dies first, and the father is rendered unconscious at the time of the injury and lives for one day without regaining consciousness, is a suit instituted after the death of the father maintainable by the children of the deceased father and mother against a tort-feasor, to recover for the alleged wrongful death of the mother? In this connection see *Hood* v. *Southern Railway Co.,* 169 *Ga.* 158 (149 S. E. 898); *Denham* v. *Texas Co.,* 19 *Ga. App.* 662 (91 S. E. 1070); *Jones* v. *Seaboard Air-Line Railway Co.,* 44 *Ga. App.* 604 (162 S. E. 305); *King* v. *Southern Railway Co.,* 126 *Ga.* 794 (55 S. E. 965, 8 L. R. A. (N. S.) 544)."

It is true that this court has ruled, in a suit brought by the children for the death of their father, under the Code, § 105-1302, where it appeared that their mother lived for some time after their father's death without filing any suit, that the children could sue alone, and that the failure to join her in a suit in her lifetime did not prevent them from recovering. *City of Elberton* v. *Thornton,* 138 *Ga.* 776 (76 S. E. 62, Ann. Cas. 1913E, 994). The court in that case expressly held that in determining the question before them the provisions of the Code of 1910, §§ 4424, 4425 (Code of 1933, §§ 105-1302, 105-1303, 105-1306, 105-1307), should be construed together, and so construing them it was decided, that, whether there be a widow or not, there is a statutory liability to children for the negligent homicide of their father; and that relatively to them, under the doctrine of *King* v. *Southern Ry. Co.,* 126 *Ga.* 794, 798 (supra), and *Frazier* v. *Georgia R. &c. Co.,* 96 *Ga.* 785 (22 S. E. 936), the death of the widow would

not produce an abatement of the cause of action. If the language of the provision which created a cause of action in favor of the surviving husband and children on account of the negligent killing of the wife and mother were the same as that in relation to a suit relative to the right of a widow and minor children to damages for the homicide of the husband of the widow, the authority would be in point. The provisions, however, are different. The one giving a right to sue for the death of the husband and father reads, in part, as follows: "The plaintiff, whether widow or child, or children, may recover," etc. It does not contain a requirement, as does the provision for suits for the homicide of the wife, that if she leaves child or children surviving, "the husband and children shall sue jointly and not separately." Code, § 105-1306. It is the contention of counsel for the plaintiffs that the words "and not separately" should be construed to limit and further define the words "shall sue jointly;" and that the effect of adding the words "and not separately" was by the legislature merely intended to prevent a multiplicity of suits by requiring all the beneficiaries under this section who were living, and had a right of action, to join in one suit. Their argument in part is that the construction contended for is strengthened by the fact that the requirement of joinder goes only to the suit, there being no statement in the section, or in the corollary sections, which says that the right of action is joint or the beneficiaries are joint beneficiaries. This view was clearly presented in the brief and strongly argued at the bar. We think, however, the sounder opinion on this subject is that expressed by Mr. Justice Hines in *Thompson* v. *Georgia Railway & Power Co.*, 163 *Ga.* 598, 602 (136 S. E. 895), as follows: "The main purpose of the act of 1887 was to give the husband the right to recover jointly with her children for the homicide of his wife. The only effect of this act, so far as children are concerned, is to lessen the amount which they could recover for the homicide of their mother, as under this act the full value of the life of the wife was to be shared by the husband and children jointly." Such was the definite ruling of this court in *Hood* v. *Southern Railway Co.*, 169 *Ga.* 158 (supra). In that case this court, after ruling that under § 4424 (§ 105-1306), upon the death of the mother leaving a husband and children, the husband and children have a joint action for the tortious homicide of the mother, and that the statute

restricts the right to sue for such homicide to the husband and children jointly, and forbids separate actions, further held that if the husband lives after the tortious homicide of the mother, and dies before a joint action has been commenced, the children alone can not maintain an action instituted by the children, after the death of the husband, for the homicide of their mother. In that case two Justices dissented, but a re-examination of the issue there involved, convinces us that the case was correctly decided.

The decision in the *Hood* case, supra, was in answer to a certified question from the Court of Appeals, almost identical with the one certified in the instant case, save in one particular. Unlike the one in the *Hood* case, the question now under consideration includes the statement that the father and mother were injured at the same time, and the mother died first, and the father was rendered unconscious at the time of the injury and lived for a day without regaining consciousness. Also, in the *Hood* case, the certified question dealt with the Code section last above cited. The question here presented demands an inquiry as to whether the fact that the father, though he survived the wife, was rendered unconscious at the time of the injury and so remained for a day, until his death, will form any exception to the rule that if the husband lives for a time after the tortious homicide of the mother and dies before he and the children bring a joint action, the children alone can not after the death of their father maintain such an action. In the *Hood* case, the precise question before the court was whether such a suit as there discussed could be brought under sections 4424 (105-1302) et seq., supra. Counsel contend, that, regardless of the decision in the *Hood* case, the question propounded in the instant case should be answered in the affirmative, because of § 105-1302, which reads as follows: "A widow, or, if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent, the full value of the life of the decedent, as shown by the evidence." It was held in *Atlanta & West Point Railroad Co.* v. *Venable,* 65 *Ga.* 55, that the word "parent," following the words "of the husband or," in what is now § 105-1302, included the mother. The statement of facts preceding the opinion recites that the children who, as that decision ruled, had a cause of action for the homicide of their mother were "orphan minor children." The deceased was there-

fore a widow. The deceased in the question propounded by the Court of Appeals was not a widow, because it is stated that she left a husband. The latest legislative expression on this subject is in the act of 1924 (Ga. L. 1924, p. 60). While an amending act, it in effect re-enacted the old law, with a slight addition. Whenever a wife—not a widow— died as the result of a negligent homicide, the act declared that the husband might recover; and that if she left a child or children surviving, "said husband and children shall sue jointly and not separately," etc. This was not intended to conflict with the other provision of the same act which now comprises section 105-1302 of the Code of 1933. That section does not give the children alone the right to sue for the death of their mother if she left surviving a husband. What is now Code § 105-1302, and the *Venable* case, were both considered by the court in the *Hood* case, and what was there said in relation thereto is pertinent here.

We do not think that the fact that the husband was rendered unconscious by the same act that proved fatal to the wife, and that he lived for only a day without regaining consciousness, requires a ruling different from what it would be had he not been unconscious after the injury. It is the fact that he survived his wife that makes fatal the maintenance of the suit instituted after his death by his children alone. We know of no law that would justify us in holding that a state of unconsciousness is the equivalent of death. If, as we hold, the right of action was in the father and the children jointly, and not separately, then the moment the wife and mother died, he, though unconscious, had with the children a right which was joint. In *King* v. *Southern Railway Co.,* 126 *Ga.* 794 (supra), a mother brought suit for damages for permanent injuries to her fourteen-year-old daughter who was injured when a buggy in which the child and her father were traveling was struck by a locomotive of the defendant. At the time of the injury to the daughter the cause of action arose in the father. He died within an hour after the occurrence. The court held that the cause of action did not survive to the mother of the child. Mr. Justice Lumpkin, in delivering the opinion in the *King* case, said: "It is said that, because he was hurt at the same time and died about an hour later, the injury and the death should be treated as coincident. But we can find no authority for such a contention.

He was actually alive for an hour after the occurrence. If compos mentis, he could have made a will or a deed, or could have settled with the railroad for the damage accruing to him from the injury to his daughter. In that brief hour he might possibly have sued, or have been sued and served. If the daughter had been killed and had left an estate, there can be no doubt that the father would have inherited along with brothers and sisters, if any, under the Civil Code, § 3355, par. 6, which declares that 'The father, if living, inherits equally with brothers and sisters, and stands in the same degree. If there be no father, and the mother is alive, she shall inherit in the same manner as the father would.' Can it be said that, because he lived only a short time, he could have been treated as not alive at all, and that in the supposed case of the daughter's death before he himself died the mother would have inherited in his stead? We are unable to hold a man who is actually alive, and has so many legal rights, to be dead in contemplation of the law, relatively to the particular right involved in this case. A person can not at once be actually both alive and dead; and one who has been hurt by a railroad-train can not for that reason be treated as civiliter mortuus." The learned Justice acknowledges the sternness of the rule he applies, but avers his impotency to change it. Says he: "It may seem to be somewhat of a hardship that an injured child may be left with the mother, upon the death of the father, and that she can not sue for the previous injury to it; and the shortness of the time during which the father lived may make this view more striking. But we can not change the law on account of sympathy. If the fact that the father lived for an hour only would create a cause of action in the mother which did not otherwise exist, how would it be if he had lived for six hours, or a day, or a week, or a year, or indeed for any time less than that in which the child would become of age? In any of these supposed cases the same argument, that the mother was left in possession of an injured child (supposing the injury to be permanent as alleged), would equally apply. The difference would be one only of degree, not of kind."

At common law, no one could maintain a civil action for damages on account of the death of a human being. *Georgia Railroad & Banking Co., v. Wynn, 42 Ga.* 331. Though in England the first of a series of acts giving such a remedy was Lord Campbell's

act, passed in 1846, it was not until 1850 that the General Assembly of this State in any way changed, in the respect referred to, the rule of the common law. The first Georgia act, approved February 23, 1850, merely provided that "in all cases hereafter where death shall ensue from or under circumstances which would entitle the deceased, if death had not ensued, to an action against the perpetrator of the injury, the legal representative of such deceased shall be entitled to have and maintain an action at law against the person committing the act from which the death has resulted—one half of the recovery to be paid to the wife and children, or the husband of the deceased, if any, in case of his or her estate being insolvent." Cobb's Digest, 476. From time to time various other statutes have been enacted, conferring rights of action for damages for the death of a human being, but all of them, of course, are in derogation of the common law. While only one of many to be followed in the construction of statutes, yet it must be borne in mind that the rule of strict construction applies to those in derogation of the common law. *Robinson* v. *Steamer Lotus*, 1 *Ga.* 317. The statute here involved expressly declares that in the situation here presented "the husband and children shall sue jointly, and not separately." It contains no exception as to absence of the husband, refusal of the husband to join, sickness of the husband, or even the unconscious condition of the husband from the moment of the wife's injury until his own death; and we do not feel justified in reading any exceptions into the statute. Ita lex scripta est. Judge George, speaking for the Court of Appeals in *Denham* v. *Texas Co.*, 19 *Ga. App.* 662, 667 (91 S. E. 1070), in denying the right of children to sue separately for the negligent homicide of the mother, when the father was alive and refused to join in the suit, the law giving the right of action to the husband and children jointly, said: "Our conclusion is influenced by the rule of strict construction always applied to the provisions of section 4424 [§ 105-1302 et seq.] of the present Code. The statute is in derogation of common law, and is strictly construed. It is not remedial and subject to liberal construction. The right to maintain a civil action for a negligent homicide has been restricted by the repeated decisions of the Supreme Court of this State to those persons expressly named or by necessary implication included in the terms of the statute. Moreover, it must

be remembered that the right of civil action for a negligent death is founded upon the theory of compensation. The beneficial interest in the life of the deceased is the basis upon which the right of recovery exists."

The question propounded is answered in the negative.

*All the Justices concur.*